BEGG ET AL., RECEIVERS OF MANHATTAN &
    QUEENS TRACTION CORPORATION, *v.* CITY
    OF NEW YORK ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 5.    Argued April 13, 16, 1923.—Decided May 7, 1923.

When an application is made to the District Court in a pending
    suit, for a summary injunction to protect the exercise of the court's
    jurisdiction in that suit and prevent interference with property
    of which it has custody therein, the jurisdiction of the summary
    proceeding depends upon, and takes its character from, the
    jurisdiction of the main cause; and, when this is based on diverse
    citizenship only, the summary jurisdiction rests wholly on that
    basis also, even though federal questions are set up in the applica-
    tion as ground for the summary relief; and, consequently, a
    decree of the Circuit Court of Appeals, upon review of the sum-

---

[1] Cf. *Williams* v. *Eggleston,* 170 U. S. 304, 310; *Mason* v. *Missouri,*
179 U. S. 328, 335.

mary proceeding, has the same finality, under Jud. Code, § 128, as its decree in the main cause would have, and is not reviewable here by appeal. P. 198.

Appeal to review 266 Fed. 625, dismissed.

APPEAL from a decree of the Circuit Court of Appeals, reversing a decree of the District Court, which granted a summary injunction upon application of receivers in a pending equity suit.

*Mr. Lindley M. Garrison,* with whom *Mr. Watson B. Robinson, Mr. Robert S. Sloan, Mr. Arthur J. Egan, Mr. Charles A. Boston* and *Mr. Charles A. Frueauff* were on the briefs, for appellants.

*Mr. Vincent Victory,* with whom *Mr. John P. O'Brien* was on the brief, for appellees.

MR. JUSTICE SANFORD delivered the opinion of the Court.

On the threshold of the hearing the appellees moved to dismiss this appeal, upon the ground that jurisdiction depends entirely upon diversity of citizenship and the decree of the Circuit Court of Appeals is therefore final.

The appellants were appointed receivers of the Manhattan & Queens Traction Corporation in a suit in equity brought against it in the United States District Court for the Eastern District of New York by a judgment creditor, for the administration of its assets. The jurisdiction depended entirely upon diversity of citizenship of the parties. The receivers, after taking possession of the Corporation's railway in the City of New York, which had been partly completed, filed a petition in this equity cause, alleging that the City, through its Board of Estimate and Apportionment, was threatening to adopt a resolution declaring a forfeiture of the franchise contract of the Corporation and of the completed portion of the railway, for failure to complete the railway within the

prescribed time. This, it was averred, would deprive the Corporation of its property in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and Article I of the Constitution of New York, and cause irreparable injury to the Corporation, its creditors, and the property in the custody of the receivers. Upon this petition the court granted the receivers *ex parte* a temporary injunction and an order to show cause why it should not be continued during the receivership; and thereafter, upon a summary hearing, the temporary injunction was made permanent and the City and the Board were enjoined until further order of the court from passing a resolution forfeiting or affecting the franchise contract of the Corporation or declaring its railway and property in the hands of the receivers to be the property of the City or otherwise interfering therewith in any manner. Upon appeal by the City and the Board, the Circuit Court of Appeals reversed the order of the District Court granting this injunction. *Gas & Electric Securities Co.* v. *Traction Corporation,* 266 Fed. 625, 641. And the receivers have appealed to this Court.

Section 128 of the Judicial Code provides that, with certain exceptions not here involved, " the judgments and decrees of the circuit courts of appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being . . . citizens of different States." This refers to the jurisdiction of the federal court of first instance: and if the jurisdiction of the District Court depended entirely upon diversity of citizenship the appeal must be dismissed. *Shulthis* v. *McDougal,* 225 U. S. 561, 568.

It is well settled that jurisdiction of a petition in intervention asserting a claim upon the property or fund being administered by the court is determined by the jurisdiction originally invoked in the main cause, by

virtue of which the intervening petition is entertained; and hence that if the jurisdiction in the main cause is such that a decree of the Circuit Court of Appeals would be final in respect thereto it is likewise final in respect to the intervening petition. *St. Louis Railroad* v. *Wabash Railroad,* 217 U. S. 247, 250; *Rouse* v. *Letcher,* 156 U. S. 47, 49; *Gregory* v. *Van Ee,* 160 U. S. 643, 645; *Rouse* v. *Hornsby,* 161 U. S. 588, 591; *Pope* v. *Louisville Railway,* 173 U. S. 573, 577; *Ohio Railroad Commission* v. *Worthington,* 225 U. S. 101, 104; *Shulthis* v. *McDougal, supra,* at p. 568. And this is true even although the intervening petition discloses an independent ground of federal jurisdiction; the jurisdiction by virtue of which it is entertained as an intervention being ascribed entirely to that which is invoked and exercised in the main cause. *Rouse* v. *Letcher, supra,* at pp. 49 and 50; *Gregory* v. *Van Ee, supra,* at p. 646. Manifestly the reason of the foregoing rule in reference to an affirmative petition of intervention, as set forth in the cases cited, applies with equal or greater force to a petition filed in a cause to protect the exercise of the jurisdiction of the court itself and prevent interference with property in its custody; which necessarily depends upon that jurisdiction and partakes directly of its character. This is recognized in *Ohio Railroad Commission* v. *Worthington, supra,* at p. 104, in which the distinction is pointed out between petitions filed in the main cause, taking their jurisdiction from it alone, and plenary suits of an ancillary character in which federal jurisdiction is invoked, not merely as ancillary to that in the main suit, but also upon independent grounds.

In the present case the jurisdiction of the District Court to entertain the summary proceedings against the City and the Board was dependent entirely upon the jurisdiction in the main cause and cannot be ascribed to the federal constitutional grounds upon which the claim for

relief was partly predicated, which in no wise enlarged the summary jurisdiction of the court, and could only have been relied upon as independent grounds of federal jurisdiction in a plenary suit.

It results that the decree of the Circuit Court of Appeals as to the petition of the receivers has the same finality as would a decree in the main cause; jurisdiction of the one as of the other depending entirely upon the diversity of citizenship in the main cause.

The appellees' motion is accordingly granted, and the appeal

*Dismissed.*