**Calvin H. EAST and Joyce E. East, Appellants,**

v.

**William W. CROWDUS, Receiver of All Assets and Property of Arthur C. Costello and Investment Services, Inc., Appellee.**

**No. 16601.**

United States Court of Appeals
Eighth Circuit.

April 24, 1962.

**646**

R. H. McRoberts, Jr., St. Louis, Mo., made argument for appellant and R. H. McRoberts, St. Louis, Mo., filed brief with him.

Lackland H. Bloom, St. Louis, Mo., made argument for appellee and filed brief.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This appeal is from a judgment denying appellants' petition to reclaim certain shares of common stock which they allege appellee, as Receiver for Arthur C. Costello (hereafter referred to as Costello) and Investment Services, Inc., holds as constructive trustee for their benefit.

■ At the outset, we are met with a motion to dismiss this appeal on the ground that it was not taken within thirty days from entry of judgment as required by Rule 73(a), F.R.Civ.P., 28 U.S.C.A. The District Court denied appellants' reclamation petition on June 30, 1960. The notice of appeal therefrom was filed August 26, 1960. The premise of the motion to dismiss is that the reclamation claim adjudicated by the court below was independent of the main cause of action in which the Securities and Exchange Commission, as plaintiff, secured the appointment of a Receiver for Costello and Investment Securities, Inc. Hence, appellee asserts that the time in which this appeal should have been taken was within "thirty days from the entry of the judgment" and that the exception in Rule 73(a) supra, allowing an appeal, viz.:

"* * * in any action in which The United States or * * * agency thereof is a party * * * the time as to all parties (to the appeal therefrom) shall be 60 days from * * * (the) entry * * *"

(Par. added) of the judgment is inapplicable.

The record before us reveals that appellants filed their "Petition to Reclaim Property" in an action styled: "Securities Exchange Commission, Plaintiff, versus Arthur C. Costello and Investment Services, Inc., Defendants, No. 59 C 226 (1), in the District Court of the United States for the Eastern Judicial District of Missouri, Eastern Division." After a hearing thereon, the District Court entered judgment denying that petition. Such judgment, as well as the notice of appeal therefrom, was so captioned. When the appeal was docketed in this Court our Clerk was informed that the Securities and Exchange Commission was not a party to this appeal and that the appeal should be docketed and styled: "Calvin H. East and Joyce E. East, Appellants, versus William W. Crowdus, Receiver of All Assets and Property of Arthur C. Costello and Investment Services, Inc., Appellees." The motion to dismiss was filed prior to the time the record on appeal was lodged in this Court as required in our Local Court Rule 11 (a). In light of that situation and appellee's assertion that the Securities and Exchange Commission had no standing to participate in the reclamation proceedings below and has no interest in and did not appeal from the judgment in question, we invited the Securities and Exchange Commission to state its views respecting appellee's motion to dismiss. Accordingly, ruling on that motion was deferred until submission of this appeal on its merits.

In response to our request the Securities and Exchange Commission has favored us with a memorandum in which it expresses the view that it continues to be a party to the action in which appellee was appointed receiver; that said action remains pending to the extent that the receivership proceeding has not been closed; that the Commission has actively and formally participated in the administration of the receivership estate; and that the Commission takes the position that it has a real interest in this and all other receivership proceedings where receivers are appointed at the request of the Commission in actions commenced

under the Securities Exchange Act of 1934 (15 U.S.C.A. § 78a etc.) in protection of the public interest. For such reason it is the Commission's view that it is a party to the action in which this appeal was taken and that the same is timely. We agree with the position of the Commission.

■ The law is that a claimant who files and undertakes to prove his claim in an equitable receivership proceeding becomes a party thereto by intervention and thereby fully submits himself to the jurisdiction of the Court appointing the receiver. 75 C.J.S. Receivers § 271, p. 907; Rector v. United States, 20 F.2d 845 (8 Cir. 1927); Guaranty Trust Co. of New York v. Minneapolis & St. Louis R. Co., 52 F.2d 418 (8 Cir. 1931); In re: Weisbrod & Hess Co., 129 F.2d 114 (3 Cir. 1942); West v. Radio-Keith-Orpheum Corp., 70 F.2d 621 (2 Cir. 1934); Metropolitan S. S. Co. v. Eastern S. S. Lines, Inc., 16 F.2d 424 (1 Cir. 1926); Alexander v. Hillman, 296 U.S. 222, 239, 56 S.Ct. 204, 80 L.Ed. 192. In 45 Am.Jur., Receivers, § 326, p. 262, it is said:

> "Where a receiver is in possession of property and there are existing claims or equitable rights against the property, the proper remedy generally is to intervene by petition." (Cf. Chicago Deposit Vault Co. v. McNulta, 153 U.S. 554, 14 S.Ct. 915, 38 L.Ed. 819; Bosworth v. St. Louis Terminal R. Ass'n, 174 U.S. 182, 19 S.Ct. 625, 43 L.Ed. 941.)

That Federal Courts have jurisdiction over intervenors and substituted parties in an action where jurisdiction of a subject matter has once been acquired is not an open question. Begg v. City of New York, 262 U.S. 196, 43 S.Ct. 513, 97 L. Ed. 946; Adler v. Seaman, 266 F. 828 (8 Cir. 1920). Rule 24(a), F.R.Civ.P.,

28 U.S.C.A., specifically makes provision therefor.

Receivers have been appointed at the instance of the Securities and Exchange Commission in many cases, e. g., Securities and Exchange Commission v. Los Angeles Trust Deed and Mortgage Exchange, 285 F.2d 162 (9 Cir. 1960) and cases therein cited. The interest of the Securities and Exchange Commission in such an action does not terminate upon the appointment of a receiver therein. Under Section 78u of the 1934 Act (15 U.S.C.A. § 78u) the Commission is authorized to apply to the Federal Courts in aid of enforcement of the powers vested in it and seek equitable relief to compel compliance with the Act. When the Commission does so it has the duty to prosecute such action to finality in the public interest. Certainly, if a receiver is appointed in any such action and the Commission should learn of any unconscionable malfeasance or neglect on the part of the receiver, no court would hold that the Commission was without standing to bring such matters to the appointing court's attention; or that the Commission is without standing to give heed as to how the assets taken possession of by any such receiver are disposed of in the public interest. That the Securities and Exchange Commission did not participate at the hearing of appellants' reclamation claim; and the fact that the style of this appeal was docketed in this Court as above noted does not militate against the genuineness and timeliness of the appeal taken herein or the vesting of this Court with jurisdiction thereover.[1]

No useful purpose would be served by giving further notice to the caption of this case or directing any correction of the record herein. Our jurisdiction over this appeal is apparent. See: Division of Labor Law Enforcement, etc., v. Stanley Restaurants, 228 F.2d 420 (9 Cir.1955). By Rule 61, F.R.Civ.P. we are admon-

---

[1]. It would have been more proper procedure if this appeal had been docketed in this Court by the style with which the pleadings, judgment and notice of appeal were captioned in the court below, and to have indicated that appellants were intervening claimants in such action.

ished: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

As to the merits of this appeal, the facts are not in dispute. The meager record of the evidence establishes that appellee was appointed Receiver for Costello and Investment Services, Inc., on July 27, 1959; that among assets taken possession of by him as Receiver there were found in a safe deposit box carried in the name of Costello at the Brentwood Bank, three (3) certificates totaling sixty (60) shares of Portland General Electric Company common stock, all registered in the name of Blyth Company, Inc., and endorsed in blank. Such certificates, along with others, were in an envelope marked "Securities" without any other designation. Evidence adduced by appellants established that one Howard Lofgreen, a licensed securities broker, was formerly employed by Costello; that while so employed, in June, 1959, appellant Calvin H. East requested that he purchase sixty (60) shares of Portland General Electric Company common stock and that the certificate therefor be issued in the joint names of appellants; that along with that order Calvin H. East ordered the sale of certain other securities and directed the application of the proceeds from that sale be applied to the purchase of the Portland General Electric Company stock; that the proceeds of the sale of such other securities was not sufficient to pay for the Portland stock, and East gave a check to Costello for the difference; and that on June 24, 1950, Costello confirmed a sale of sixty (60) shares of Portland General Electric stock to appellant, billed "net", without disclosing any commission.[2] There was also testimony to the effect that the shares of stock as confirmed to appellants were purchased by Costello through another brokerage firm with offices in St. Louis, Missouri; that the certificates of stock representing such purchase were registered in the name of Blyth Company, Inc. (a "Street name"); but they were never transferred from Blyth Company, Inc. to the names of appellants. The foregoing is, in substance, a statement of all the relevant evidence in the record made in support of appellants' reclamation petition in the case at bar.

The record reveals, however, that counsel for the Receiver in the court below took the position that appellants had failed to identify or "trace" the shares sufficiently to establish a preferred claim thereto; that there was no showing that the shares found in Costello's safe deposit box were purchased for the account of petitioners; and that the Receiver's further contention was that petitioners have no better claim against the assets of this receivership estate than that of general creditors.

After hearing on appellants' Reclamation Petition the District Court entered a general judgment in respect thereto in which it was simply stated that appel-

2. Receiver's Exhibit 1, introduced at the hearing, was an invoice of "Arthur C. Costello, Investment Securities" covering the sale of 60 shares of "Portland General Electric" to Appellants. On the face thereof it indicates that Costello "confirmed" a "sale" of the above-mentioned stock to Appellants as "Principal and for (his) own account." Said exhibit indicated a net transaction "Executed Over-the-Counter" and contained the following statements:

"When acting as agent we will, upon request, furnish the name of the person from whom the securities were purchased or to whom sold and the date and time the transaction took place.

"The securities above described are or may be hypothecated under circumstances which will permit the commingling thereof with securities carried for the account of other customers.

"This transaction (if over-the-counter) has been executed in conformity with the rules and regulations of the Uniform Practice Code of the National Association of Securities Dealers, Inc.

"If any detail shown hereon is not in accordance with your understanding of the transaction, please notify us immediately."

lants' and other petitions to reclaim certain properties from the receivership were heard and adjudicated and that appellants' claim was denied.[3] No findings of fact or conclusions of law as required by Rule 52(a), F.R.Civ.P. were made in respect to that judgment by the District Judge who presided at the hearing.[4] However, the controlling facts are not in dispute and the issues presented on appeal raise only questions in which we think the result is commanded by Missouri law. Therefore, we shall proceed to decide this case on its merits, without remand for a formal compliance with Rule 52(a) supra. Aetna Life Ins. Co. v. Meyn, 134 F.2d 246, 249 (8 Cir. 1943); Yanish v. Barber, 232 F.2d 939 (9 Cir. 1957); Steccone v. Morse-Starrett Products Co., 191 F.2d 197 (9 Cir. 1951).

██ The only question for decision by us is whether the sixty (60) shares of Portland General Electric Company stock found in the possession of this Receiver as above stated are to be declared a part of the general receivership estate for the benefit of all creditors, or whether they should be turned over to appellants in recognition of their priority claim. Appellants assert they should be turned over to them because upon payment for such stock and confirmation of sale thereof by Costello they became vested with equitable, if not legal, title thereto; that the Receiver has no better right to such shares than did Costello; and that appellants have sufficiently "traced" the shares owned by them into the possession of the Receiver so as to sustain their priority claim.

In support of their claim appellants rely upon the "grain in the bin" doctrine, the basis of which, as here asserted, is that Costello as a *stockbroker* had the special relation to them of that of a pledgee; that upon his insolvency appellants had a right to reclaim the specific securities purchased from him; that Costello had possession of such stock at the time of the appointment of appellee as receiver; and that they have sufficiently traced their securities into the possession of ap-

3. The judgment so entered was as follows:

"IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DIVISION OF THE EASTERN JUDICIAL DISTRICT OF MISSOURI.

Securities and Exchange Commission,
Plaintiff,

vs.

Arthur C. Costello, et al.,
Defendants.

No. 59 C 226(1).
Court No. 1

The Court having before it the separate petitions of Calvin H. East and Joyce E. East, Charles O. Metz, and Mrs. Dimple E. Metz, and Pitney-Bowes, Inc., to reclaim certain properties from the receivership estate, and having heard arguments of counsel upon said petitions, and having considered the memoranda of counsel submitted in support of and opposition to said separate petitions, Doth Order that the Petitions to Reclaim of Calvin H. East and Joyce E. East, and Charles O. Metz and Mrs. Dimple E. Metz, be and they are denied, except insofar as the Petition of Charles O. Metz and Mrs. Dimple E. Metz has already been sustained as to 100 shares of Stanrock Uranium Mines, Ltd.; and the Court Doth Further Order that the Petition of Pitney-Bowes, Inc., be and it is hereby sustained as to Count I thereof, and overruled as moot as to Count II thereof.

Dated this 30th day of June, 1960.

GEO. H. MOORE,
United States District Judge.

4. Judge George H. Moore, Retired, is now a "Senior Judge" within the ambit of Section 294, 28 U.S.C.A. He is no longer an active Judge of the Court from which this appeal comes to us.

pellee when they established that securities of the same kind and description as claimed by them were found in the possession of appellee as Receiver for Costello. This identity of kind doctrine where a defunct stockbroker was involved was first considered by the Supreme Court of the United States in Richardson v. Shaw, et al., 209 U.S. 365, 28 S.Ct. 512, 52 L.Ed. 835, (1908) and was later applied in Gorman v. Littlefield, 229 U.S. 19, 33 S.Ct. 690, 57 L.Ed. 1047 (1913); and Duel v. Hollins, et al., 241 U.S. 523, 36 S.Ct. 615, 60 L.Ed. 1143 (1916). The St. Louis Court of Appeals, Missouri, recognized and applied that doctrine in Parsons v. Third National Co., et al., 230 Mo.App. 1114, 94 S.W.2d 1057 (1936); and again in Parsons v. Third National Co., 124 S.W.2d 630 (Mo. App.1939); and Parsons v. Third National Co., 129 S.W.2d 27 (Mo.App. 1939), as to three separate reclamation claims against the same defunct brokerage concern. It was considered by this Court in Sexton v. American Trust Co., 8 Cir., 45 F.2d 372, 76 A.L.R. 781. The Richardson, Gorman, Duel and Sexton cases, supra, all arose out of bankruptcy proceedings. The three Parsons cases were concerned with Missouri receiverships. In each case, however, it is clear that the courts were concerned with the particular legal relationship between a "customer and stockbroker" which was considered as establishing an affinity to that of "pledgor and pledgee," a doctrine somewhat different, however, from that arising out of a common law pledge.

It is not necessary for us to here delineate the particular characteristics of that relationship. It is clearly expounded in the above-cited case. It is deemed sufficient to say that the "grain-in-the-bin" doctrine as therein applied was held to compel a ruling; that where shares of stock in a certain corporation, endorsed in blank, and found in the possession of a bankrupt or insolvent stockbroker in an amount equal to or greater than those purchased for a particular customer, who has paid for them in full, such shares of stock are not to be considered a part of the general bankrupt or receivership estate, but should be turned over to the customer for whom they were purchased, where they are otherwise unclaimed, although they cannot be identified as the identical shares purchased for him. The facts in the Gorman and Duel cases supra, and those related to the claim of Elizabeth Hrdlicka considered in the second Parsons case supra, (Parsons v. Third National Co., 124 S.W.2d 630) are not distinguishable from those to be found from the facts appearing in the meager record before us. There, the identity of kind, or "grain-in-the-bin" doctrine was applied and securities were held to be properly traced, when securities of the same kind were found in the possession of the broker at the time of insolvency and the receiver took possession thereof, where there was no other claim in respect thereto. This, on the theory that a Receiver "acquires no rights greater than those of the estate to which he has succeeded and must recognize liens and equities existing at the time of the receivership." (124 S.W.2d l. c. 633.)

Therefore, it appears in the case at bar that unless Costello, if functioning as a going concern, could have prevailed against appellants' claim, neither can his Receiver.

"No creditor (can) justly demand that (a receivership) estate be augmented by a wrongful conversion of the property of another, * * * or the application to the general estate of property which never rightfully belonged to it." Gorman v. Littlefield, supra, 229 U.S. l. c. 25, 33 S. Ct. l. c. 692, 57 L.Ed. l. c. 1050.

In re Bankers Capital Corp., 51 F.2d 737 (D.C.S.D.N.Y.1931); In re Broomhall, Killough Co., 61 F.2d 760 (2 Cir. 1932); and Marshall v. Roettinger, 294 F. 158 (6 Cir. 1923), relied on by appellee for a *contra* conclusion, cannot be considered controlling authorities under the facts here.

The fact that after confirmation of the sale of stock in question Costello appar-

ently took no steps to have any Portland General Electric Company certificates transferred to appellants' names does not destroy their equitable right to claim like certificates of stock found in his possession and traced into the hands of appellee. Neither does the fact that he failed to make any segregation of any such stock certificates to appellants' account as he did some other certificates of stock held for other customers and found in his safe deposit box. The only reasonable inference from the evidence in the record before us is that there was an intention or understanding existing between Costello and appellants that Costello would have such certificates transferred to them. Such transaction is to be adjudged from its own particular factual situation and the rights of the parties arise from those facts alone; not from the name or designation Costello applied to his business relation with appellants. Cf. Gordon v. Spalding, 268 F.2d 327 (5 Cir. 1959).

Transfer of the share certificates in question was subject to the laws of the State of Missouri within whose territory they were at the time appellants assert they purchased them and became vested with equitable title thereto. Restatement, Conflict of Laws, 353(2) (1934). Appellee's contention that appellants cannot claim legal title to such shares because there is no evidence that the requirements of Section 403.050, Vernon's Annotated Missouri Statutes were met, is not decisive of the issues here. That section is part of the Uniform Stock Transfer Law of Missouri. It is similar to Section 1 of the Uniform Stock Transfer Act. (Uniform Laws Annotated, Vol. 6, Stock Transfer, Sec. 1.) Under Section 1 of the Uniform Act and 403.050, V.A.M.S. supra, only legal title to a certifi-

cate and the shares represented thereby is transferred by a delivery of the certificate endorsed in blank, or by delivery of a certificate and written assignment or power of attorney. But by Section 403.-220, V.A.M.S. it is provided:

"In any case not provided for by this chapter (Ch. 403 V.A.M.S.) the rules of law and equity, including the law merchant, and in particular the rules relating to the law of principal and agent, executors, administrators, and trustees, and to the effect of fraud, misrepresentation, duress or coercion, mistake, bankruptcy, or other invalidating cause shall govern."

This section is identical with Section 18 of the Uniform Stock Transfer Act. (6 U.L.A. § 18.) Hence, even where there is an ineffective transfer of legal title to certificates and shares of stock as provided in Section 403.050 supra, equitable title thereto may be acquired and compel such a tranfer. Cf. Orpheum Building Company v. Anglim, 127 F.2d 478 (Cir. 9, 1942); Martindell v. Fiduciary Counsel, 133 N.J.Eq. 408, 30 A.2d 281 (1943); Johnson v. Johnson, 300 Mass. 24, 13 N.E. 2d 788 (1938); State ex rel. Fulton v. Arrowhead Inv., Inc., 64 Ohio App. 251, 28 N.E.2d 797 (1940).

Appellee's motion to dismiss this appeal is denied.

The judgment of the District Court is reversed insofar as it undertakes to adjudicate the "Reclamation Claim" filed in that Court by Appellants Calvin H. East and Joyce E. East in the receivership proceedings above described; and that Court is directed to enter a decree sustaining the "Reclamation Claim" of Calvin H. East and Joyce E. East, Intervenors, as filed therein.