**Virginia JESSUP, Executrix of the Estate of Henrietta Pursley, Deceased, Plaintiff-Respondent,**

v.

**Dallas L. PURSLEY and Anita R. Pursley, his wife, Defendants-Appellants.**

**No. 38058.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 19, 1977.

Thomas J. Briegel, Union, for defendants-appellants.

Hansen, Stierberger & Hartley, E. A. Stierberger, Union, for plaintiff-respondent.

SMITH, Judge.

Defendants appeal from the action of the trial court in granting plaintiff's motion for judgment in accordance with her motion for directed verdict following a jury verdict for defendants. Plaintiff, as executrix of the estate of Henrietta Pursley, brought her action against defendants to recover principal, interest and attorney's fees on two promissory notes executed by defendants and payable to Ms. Pursley. The court entered judgment in favor of plaintiff for the full amount of the principal, interest from August 4, 1974, and attorney's fees.

Defendants admitted the execution of the notes and that they had not repaid the principal. The last interest payment was made on August 4, 1974. Their defense was that on August 4, 1974, Henrietta made a gift of said note to defendants, and thereby "resolved the Defendants of any obligation to Plaintiff." Defendant, Dallas Pursley, was the son of Henrietta's deceased husband's brother—a nephew by marriage.

In reviewing the action of the trial court we look only to the evidence favorable to the jury verdict and ignore the evidence of plaintiff unless it benefits the defendant. We also ignore evidence presented by the defendants tending to show overreaching by plaintiff as an individual in connection with Henrietta's will as such evidence has no relevance to the question presented by defendant's defense. As so limited the evidence was as follows:

(1) On August 4, 1974, when Dallas Pursley paid Henrietta the semi-annual interest, Henrietta requested plaintiff to bring

the notes to her, but plaintiff brought only a record of the interest payments. There is no evidence that Henrietta insisted upon having the notes or objected to what plaintiff brought her.

(2) Sometime after August 4, 1974, plaintiff called a friend of Henrietta's and said: "Aunt Etta's mind is gone. You can't guess what she did—what she wanted to give to Dallas Pursley . . .. She said she wanted to turn over the note to Dallas Pursley and said he paid enough money; that she didn't want anymore."

(3) No interest payment was made after August 4, 1974, and no demand was made for such payment by Henrietta.

(4) Henrietta died in June 1975, at age 97.

(5) The notes were in the possession of Henrietta at the time of her death. There was no indication on the notes or in any other writing that the notes had been paid, forgiven, or discharged.

 On this state of facts the court correctly entered judgment for plaintiff. Execution of the notes and non-payment was admitted. The evidence does not, as a matter of law, establish the affirmative defense of gift. The essentials of an inter vivos gift of personal property are (1) a present intention to make a gift, (2) delivery, either actual, constructive or symbolic, and (3) acceptance. *In re Estate of Wintermann*, 492 S.W.2d 763 (Mo.1973). Proof of intention alone does not suffice without proof of conduct showing the carrying out or fulfillment of the intention. *Napier v. Eigel*, 350 Mo. 111, 164 S.W.2d 908 (Mo.1942) [1–4]. Delivery requires some conduct on the donor's part indicating a change of the character of her possession. *Napier v. Eigel*, *supra*, [1–4].

The evidence here does not show a present intention on Henrietta's part to make a gift. At most, it indicates she considered the matter. Certainly there is no evidence of delivery. No writing was executed, no mutilation or destruction of the notes occurred, and no attempt was made to place the notes into defendant's possession actually, constructively or sym-

bolically. The status of the notes was not altered in any respect by Henrietta at or after the August 4 meeting with Dallas. The subsequent non-payment of the February interest and the absence of evidence of any demand are insufficient to establish a gift.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.