709 P.2d 874

**Joseph SAGGIO and Charles K. Harrison, Plaintiffs/Appellants,**

v.

**Kathleen CONNELLY, Clerk of the City of Apache Junction, Defendant/Appellee.**

No. 18048.

Supreme Court of Arizona, En Banc.

Nov. 12, 1985.

Joseph Saggio, Charles K. Harrison, pro se.

David F. Alexander, Apache Junction, for appellee.

HOLOHAN, Chief Justice.

Appellants Joseph Saggio and Charles K. Harrison appeal from a judgment by Maricopa County Superior Court Judge David L. Roberts, denying their petition for a writ of mandamus. The appellants had sought an order commanding the appellee Kathleen Connelly, City Clerk of Apache Junction, to place a proposed initiative measure on the ballot for the general election in May, 1985.

The facts of the case are not in dispute and show that on January 21, 1985 appellant Harrison filed proposed Initiative Measure AJI–1–84 petitions, containing more than 1,000 signatures, with appellee Connelly. The proposal read in full:

> We, the undersigned, citizens and qualified electors of the State of Arizona, City of Apache Junction, Pinal and Maricopa Counties respectfully demand that the following proposed initiative measure calling for an election for the dissolution of the government of the City of Apache Junction, Pinal and Maricopa Counties, State of Arizona; and returning all government functions back to the control of Pinal and Maricopa Counties, State of Arizona, which measure shall be submitted to the qualified electors of the City of Apache Junction, Pinal and Maricopa Counties, State of Arizona, for their approval or rejection at the next regular general election of the City of Apache Junction, Pinal and Maricopa Counties, State of Arizona, and each for himself says: I have personally signed this petition with my first and last name. I have not signed any other petition for this measure. I am a qualified elector of the City of Apache Junction, Pinal or Maricopa County, State of Arizona.

On advice of the Apache Junction city attorney, Connelly wrote a letter dated January 30, 1985 to Harrison stating that the initiative measure, "as submitted, fails to conform to that of a proposed ordinance, reasonably constructed and enforceable and, as such, does not constitute a proper exercise of the initiative power." She later

returned the petitions to Harrison by certified mail.

The appellants filed a petition for a writ of mandamus in Maricopa County Superior Court. On February 20, 1985, the petition hearing resulted in an order denying the relief requested by appellants, from which order they now appeal. We took jurisdiction of the appeal. Ariz. Const. art. 6, § 5(3).

The record shows that the trial court ruled the disincorporation of a city is not a "law or amendment to the Constitution" within the meaning of Article IV, Part I, of the Arizona Constitution; that a city is not empowered by law to legislate its own disincorporation so the initiative is contrary to Article IV, Part I, § 8 of the Arizona Constitution and A.R.S. § 9–132; and finally that Article XIII, § 1 of the Arizona Constitution grants the legislature the power to provide for incorporation of cities and towns and preempts such power being exercised by a city.

Appellants argue that Arizona courts have not examined proposed initiatives to determine whether proponents of a given initiative sought to accomplish a properly *legislative* act. "Only after legislation becomes law will its constitutionality be tested." *Iman v. Bolin*, 98 Ariz. 358, 365, 404 P.2d 705, 709 (1965). They maintain that the trial court erred by examining the legality and constitutionality of the proposed measure.

■ Although the constitutionality of a proposed initiative will not be considered prior to its adoption, we will consider whether an initiative petition is defective in form. *Iman v. Bolin, supra.* By review of the form of the proposed measure we mean an examination of it to determine whether it is, in fact, legislation.

Legislation, whether by the people or the legislature, is a definite, specific act or resolution. *McBride v. Kerby*, 32 Ariz. 515, 260 P. 435 (1927). Legislative power has been defined as the power to pass rules of law for the government and regulation of people or property, *Schneberger v. State*

*Board of Social Welfare*, 228 Iowa 399, 404, 291 N.W. 859, 861 (1940), *citing Reif v. Barrett*, 355 Ill. 104, 132, 188 N.E. 889, 900 (1933), or as the power to enact laws or to declare what the law shall be. *Gas & Electric Securities Co. v. Manhattan & Queens Traction Corporation*, 266 Fed. 625, 635 (2nd Cir.1920), *appeal dismissed sub nom Begg v. City of New York*, 262 U.S. 196, 43 S.Ct. 513, 67 L.Ed. 946 (1923). Legislation is the act of giving or enacting laws or the making of laws by express decree. Black's Law Dictionary 1045 (4th ed. 1968). As pointed out in *McBride v. Kerby, supra*, "legislatures do not enact general principles." *Id.* 32 Ariz. at 522, 260 P. at 437. To be considered legislation the measure must enact something.

■ The city clerk's reason for refusing the appellants' petition was that the measure failed to conform to that of a proposed ordinance. We agree.

The measure in question, even applying a liberal construction, does not indicate whether it is an ordinance enacting new legislation, an amendment to an existing ordinance, or the repeal of an existing ordinance. We have assumed that the appellants are attempting to propose legislation for the city because they filed the petitions with the city clerk, and the result sought would affect the city.

The most that can be said for the proposed measure is that it is a petition demanding an election within the city at which the electorate would be asked to decide whether the city should be dissolved. The proposed measure is more in the nature of a demand for a public opinion poll by election. The form of the measure, however, is not legislation. It does not enact anything.

From our examination of appellants' "initiative" we conclude that it did not present any proposed law or ordinance, therefore it was not a valid exercise of the initiative process. The appellee Connelly was justified in refusing to act on the "initiative" as submitted by appellants. The trial court's

denial of appellants' petition for a writ of mandamus is affirmed.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.