IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

LOUIS HOFFMAN, A QUALIFIED ELECTOR; AND AMY CHAN, A QUALIFIED
ELECTOR,
*Plaintiffs/Appellants,*

*v.*

MICHELE REAGAN, IN HER OFFICIAL CAPACITY AS ARIZONA SECRETARY OF
STATE; STATE OF ARIZONA,
*Defendants/Appellees,*

and

STEVE YARBROUGH, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE
ARIZONA SENATE; J.D. MESNARD, IN HIS OFFICIAL CAPACITY AS SPEAKER
OF THE HOUSE OF REPRESENTATIVES,
*Special Intervenors.*

No. CV-18-0187-AP/EL
Filed November 1, 2018

Appeal from the Superior Court in Maricopa County
The Honorable Teresa A. Sanders, Judge
No. CV2018-007353
**AFFIRMED**

COUNSEL:

Daniel J. Adelman, Arizona Center for Law in the Public Interest, Phoenix,
Attorneys for Louis Hoffman and Amy Chan

Mark Brnovich, Arizona Attorney General, Rusty D. Crandell, Assistant
Solicitor General, Robert J. Makar, Assistant Attorney General, Phoenix,
Attorneys for State of Arizona and Secretary of State Michele Reagan

Michael T. Liburdi, Daniel B. Seiden, Willis M. Wagner, Greenberg Traurig,
LLP, Phoenix; Jeffrey J. Kros, Office of the President, Arizona State Senate,
Phoenix; Joshua A. Kredit, Office of the Speaker, Arizona House of
Representatives, Attorneys for Steve Yarbrough and J.D. Mesnard

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE BRUTINEL and JUSTICES PELANDER, TIMMER, BOLICK, GOULD, and LOPEZ joined.

———————

CHIEF JUSTICE BALES, opinion of the Court:

¶1  House Concurrent Resolution 2007 ("HCR 2007") is a legislatively referred referendum that, if approved by the voters, will amend Arizona's Clean Election Act in two respects. In a decision order, we ruled that HCR 2007 does not violate the "single subject rule" – our constitutional requirement that "[e]very act shall embrace but one subject and matter properly connected therewith…which subject shall be embraced in the title…." Ariz. Const. art. 4, part 2, § 13. This opinion further explains our ruling.

**I.**

¶2  In 1998, the people of Arizona approved the Citizens Clean Election Act, A.R.S. §§ 16-940 to -961 ("CCEA"), to "create a clean elections system that will improve the integrity of Arizona state government." A.R.S. § 16-940. The CCEA created the Citizens Clean Elections Commission (the "Commission"), which is charged with voter education and enforcement of the Act. A.R.S. §§ 16-955 to -957. The Commission comprises five members, no more than two of whom may be from the same political party. A.R.S. § 16-955(A). Members are appointed for five-year staggered terms, with appointment authority alternating between the governor and the highest-ranking official holding a statewide office who is not a member of the governor's party. A.R.S. § 16-955(D).

¶3  Seeking to amend two aspects of the CCEA, the legislature approved HCR 2007 pursuant to its authority under article 4, part 1, section 1(3) of the Arizona Constitution to refer "any measure…enacted by the legislature" for approval by the voters. The measure, titled "An Act Amending Sections 16-948 and 16-956, Arizona Revised Statutes; Relating to the Citizens Clean Elections Act," would amend the CCEA by prohibiting the transfer of clean elections funds by candidates to political parties and would subject the Commission's rule-making process to review by the Governor's Regulatory Review Council ("GRRC"), which reviews and approves rules proposed by various state agencies. After its enactment by the legislature, HCR 2007 was referred to the Secretary of State to be placed on the November 2018 ballot.

¶4 Pursuant to A.R.S. § 19-161, Louis Hoffman, a drafter of the CCEA and former commission member, and Amy Chan, a current commission member acting in her individual capacity ("Challengers"), filed suit requesting the trial court to enjoin the Secretary from placing HCR 2007 on the ballot because the measure violates the single subject rule. The trial court dismissed the action, relying on *Arizona Chamber of Commerce & Industry v. Kiley*, 242 Ariz. 533 (2017), to hold that the rule does not apply to HCR 2007. The trial court reasoned that because *Kiley* held that the single subject rule, contained in article 4, part 2 of the Arizona Constitution, does not apply to initiatives approved by the voters under article 4, part 1, section 1(2), the rule also should not apply to measures referred by the legislature for the voters' approval under article 4, part 1, section 1(3). Challengers filed an expedited appeal pursuant to A.R.S. § 19-161(B).

## II.

¶5 As a preliminary matter, the State defendants and the Intervenors ("Respondents") argue that Challengers' lawsuit is premature because the single subject rule only applies to "acts" and HCR 2007 will not be an "act" before it is approved by the voters.

¶6 Respondents correctly note that the power of the people themselves to refer legislative actions to the ballot for approval or rejection extends only to legislative acts, rather than "bills under consideration," *Wennerstrom v. City of Mesa*, 169 Ariz. 485, 495 (1991), and that "[t]o be considered legislation [a] measure must enact something." *Saggio v. Connelly*, 147 Ariz. 240, 241 (1985). These observations, however, do not answer whether a challenge may be brought to the legislature's process for referring a measure to the voters after the legislature has approved the measure but prior to its consideration by the voters at the election.

¶7 Assuming the single subject rule does apply to legislatively referred referenda (an issue we address next), we conclude that this pre-election challenge is not premature. Arizona statutes expressly allow challenges to the "legal sufficiency" of legislative referenda before the election. A.R.S. § 19-161(A). The issue of compliance with the single subject rule is ripe for review--the legislature has "enacted" the measure and ordered its placement on the ballot pursuant to article 4, part 1, section 1(3). Finally, this lawsuit does not challenge HCR 2007 substantively, but instead raises a procedural claim. Allowing a pre-election challenge here thus

comports with our practice of allowing pre-election challenges to ballot measures based on procedural claims but not substantive challenges. *See League of Ariz. Cities & Towns v. Brewer*, 213 Ariz. 557, 559-60 ¶¶ 10, 11 (2006) (discussing initiative challenge).

## III.

¶8        We turn to whether measures referred to the people by the legislature are "acts" subject to the single subject rule.

¶9        Article 4, part 1, section 1 of the Arizona Constitution details the powers of initiative and referendum.  Section 1(2) outlines the people's power of initiative, and section 1(3) outlines the referendum power.  Under section 1(3), a referendum may be placed on the ballot in one of two ways: (1) five percent of the qualified electors may, by petition, refer an act of the legislature to a vote by the people; or (2) "the legislature…may order the submission to the people at the polls of any measure, or item, section, or part of any measure, *enacted* by the legislature." (Emphasis added.)  Thus, by its terms, the Constitution recognizes that the legislature must "enact" a measure to refer it to the voters.

¶10        The legislature's structure and powers are outlined in article 4, part 2 of the Arizona Constitution.  Section 13 of this part, the single subject rule, is titled "Subject and title of bills" and provides that "every act shall embrace but one subject…which subject shall be expressed in the title…."  *Id.* § 13.  The single subject rule thus applies to every "act" considered by the legislature.  Under article 5, section 7 of the Arizona Constitution, "bills" passed by the legislature generally must be presented to the governor, but "[t]he veto power of the governor shall not extend to any bill passed by the legislature and referred to the people for adoption or rejection."

¶11        These interrelated constitutional provisions clearly establish that when the legislature refers a measure to the voters for their consideration, that action involves "enact[ing,]" Ariz. Const. article 4, part 1, section 1(3), or "pass[ing]" a bill, *id.,* art. 5, § 7, and such a legislative "act" must satisfy the single subject rule. *Id.*, art. 4, pt. 2, § 13.

¶12        Our conclusion comports with *Kiley*, which held that the single subject rule applies to "acts which are enacted by the legislature, and

does not address initiative or referendum petitions." *Kiley*, 242 Ariz. at 541 ¶ 33 (alteration omitted). On this point, *Kiley* reflected long-established caselaw. *See Citizens Clean Elections Com'n v. Myers*, 196 Ariz. 516, 524 ¶ 35 (2000) (single subject rule "applies only to the acts of the legislature"); *Iman v. Bolin*, 98 Ariz. 358, 365 (1965) (single subject rule is "applicable only to acts of the legislature"); *Barth v. White*, 40 Ariz. 548, 556-57 (1932) (same). These cases recognize that article 4, part 1, section 9 imposes a "title and text" requirement for initiative and referenda petitions, while the single subject rule is a limit on the legislature's power. *See Kiley*, 242 Ariz. at 541 ¶ 31. None of these decisions suggests the single subject rule does not apply when the legislature enacts a measure and refers it to the voters.

**IV.**

**¶13**    Finally, we turn to whether HCR 2007 complies with the single subject rule. In this regard, we note that "there is a strong presumption supporting the constitutionality of a legislative enactment." *Litchfield Elementary Sch. Dist. No. 79 v. Babbitt*, 125 Ariz. 215, 223 (1980).

**¶14**    The single subject rule is meant to prevent "log-rolling," or combining different measures into one bill so that a legislator must approve a disfavored proposition to secure passage of a favored proposition. *Kiley*, 242 Ariz. at 541 ¶ 30. The single subject rule should be read "liberally so as not to impede or embarrass the legislature…but not so 'foolishly liberal' as to render the constitutional requirements nugatory." *Litchfield,* 125 Ariz. at 224. "All that is necessary is that the act should embrace some one general subject: and by this is meant, merely, that all matters treated of should fall under some one general idea." *Id.*, quoting *Johnson v. Harrison*, 50 N.W. 923, 924 (Minn. 1891).

**¶15**    Under this standard, HCR 2007 satisfies the single subject rule. In its title, HCR 2007 identifies the provisions of the CCEA it seeks to amend, and the amendments embrace "one general subject" – the CCEA.

**¶16**    Challengers argue that the amendments proposed by HCR 2007 are not interrelated, as one section would prohibit clean elections money from flowing to political parties, while the other would subject the Commission's rulemaking to oversight by GRRC. To comply with the single subject rule, however, the two provisions of HCR 2007 need only be reasonably related. *Sample v. Sample*, 135 Ariz. 599, 603 (App. 1983). In

*Sample*, for instance, the court of appeals held that an act concerning the general subject matter of domestic relations and affecting multiple statutes (including criminal sanctions) satisfied the single subject rule. *Id.* It is enough, then, that the two provisions of HCR 2007 relate to amendments to the broader CCEA.

¶**17** Challengers also argue that subjecting the Commission's rule-making process to GRRC's oversight will undermine the Commission's independence, a defining feature of the Commission. But whether this is so has no bearing on HCR 2007's compliance with the single subject rule. "If a ballot measure meets the statutory and constitutional requirements to appear on the ballot, its wisdom as a policy matter is for the voters to decide." *Save Our Vote, Opposing C-03-2012 v. Bennett*, 231 Ariz. 145, 153 ¶ 29 (2013).

## V.

¶**18** Because the two provisions of HCR 2007 are reasonably related to one general subject, the measure satisfies the single subject rule. We affirm the trial court's judgment dismissing the complaint and denying injunctive relief.