MARY SCHNEBERGER et al., Appellees, v. STATE BOARD OF SOCIAL WELFARE, Appellants.

No. 45152.

MAY 7, 1940.

Fred D. Everett, Attorney General, and Don Hise, Special Assistant Attorney General, for appellants.

J. W. Neuzil, for appellees.

HALE, J.—On December 27, 1937, Mary Schneberger and

Joseph Schneberger, wife and husband, were granted certificates of assistance entitling them to secure old-age assistance. They received such benefits until January 5, 1939, and on April 12, 1939, were canceled from the rolls and both were served with notice of cancellation which recited that the reason for cancellation of their certificates was:

"You have failed to establish a degree of need which makes you eligible under the provisions of the law. The investigation shows that, at the time of said investigation, you had support or equivalent from such source as responsible relatives."

The notice cites several sections of the Code. The reason for the cancellation of the certificates, as indicated by the board of social welfare, was because it appeared that claimants had a son who was able to assume their entire support or contribute approximately $25 a month to each of his parents. Claimants thereupon appealed to the state board and a hearing was had upon such appeal before a representative of the board, resulting in a ruling adverse to claimants. On June 28, 1939, the action of the division of old-age assistance in canceling the certificates of assistance was affirmed by the state board of social welfare. On July 28, 1939, claimants filed their appeal to the district court from the decision of the state board, setting out the grant and receipt of the old-age assistance, the cancellation, alleging they had no income and the inability of their children to support them, that the department of social welfare was prejudiced because their son, J. P. Schneberger, had not satisfactorily explained his inability to support them, and that the action of the state board was not in accordance with the provisions of section 5296-f12, paragraph 10, or section 5298 of the Code of Iowa, 1935 [Section 3828.008, paragraph 10, or section 3828.074, Code, 1939], and amendments thereto, and asking order of court requiring the said board to make payments to them since December 28, 1938.

Answer was filed by the department of social welfare,

denying generally, and alleging that said board did not commit fraud or abuse its discretion, and asking dismissal of appeal. By agreement the appeals of both claimants were heard as one cause, and on September 5, 1939, an order was entered reinstating claimants and directing payments to be resumed as of January 5, 1939, the effective date of the board's order of discontinuance. From this order the board appeals.

No brief or argument was filed by claimants. The appellant, the State Board of Social Welfare, claims that the district court erroneously reinstated the claimants, and for its first assignment alleges that the finding of fact by the board that the claimants had not established the degree of need that would entitle them to receive old-age assistance benefits is a purely discretionary matter vested in the state board of social welfare and is binding on the courts. Appellant does not claim that the abuse of such discretion is not a proper subject of inquiry by the courts. The statute, by the Code of 1935, as by the present Code, provided for a review by the district court. The former Code provision (section 5296-f18), as amended by section 15, chapter 137, Acts of the Forty-seventh General Assembly, provided for an appeal to the district court and a hearing on the application on its merits, and the determination by such court whether or not the decision of the state board was in conformity with the law. As the law now stands, by the provisions of section 26, chapter 140, Acts of the Forty-eighth General Assembly, section 3828.014, Code of 1939, it reads:

"The district court shall act as an appellate court to review the decision of the state board to determine whether or not it has therein committed fraud or abused its discretion."

The present law providing for review of the decision of the state board was in effect at the time of notice and hearing on appeal and such appeal was governed thereby. Huff v. Cook, 44 Iowa 639; Windsor v. City of Des Moines, 110 Iowa 175, 81 N. W. 476, 80 Am. St. Rep. 280; Chicago, R. I. & P. R. Co. v. Streepy, 211 Iowa 1334, 236 N. W. 24.

That there must be discretion vested in the board designated by statute to administer the law is evident from its object and purpose. The determination of questions under the law involves investigation, examination of conditions, and in some cases, consultation and advice. Courts ordinarily act only after a controversy has arisen, when a right is invaded or a duty neglected. Much discussion has arisen and the reports are full of cases concerning the particular functions of the three branches of the government, but it is not necessary to attempt to review the matter here. While the lines of demarcation are sometimes difficult to determine, and the duties sometimes overlap, yet it seems to us that the duties of the state board in matters of the kind here under discussion are clearly administrative, and under the statute, in the absence of fraud or abuse of discretion, they are not and could not well be the subject of judicial inquiry. To hold otherwise would be to substitute the judgment of the court for that of the body specially designated by law to investigate and pass upon the eligibility of applicants. The provisions as to powers and authority of the court on appeal, under the provisions of the Social Welfare Law as to old-age assistance, are somewhat analogous to those of the Workmen's Compensation Law, under which the holdings of our court have always been that, when supported by competent evidence, the findings of fact by the commission will not be interfered with by the court. Pace v. Appanoose County, 184 Iowa 498, 168 N. W. 916; Yates v. Humphrey, 218 Iowa 792, 255 N. W. 639; Califore v. Chicago, St. P., M. & O. R. Co., 220 Iowa 676, 263 N. W. 29; Pierce v. Bekins V. & S. Co., 185 Iowa 1346, 172 N. W. 191, and cases cited therein.

Cases involving the question of old-age benefits are not many in number, but courts which have had it under consideration have determined the duties prescribed and to be performed by the commission are functions of the executive branch of the government. The case of Reif v. Barrett, 1933, 355 Ill. 104, 132, 188 N. E. 889, 900, involved the validity of certain acts of the legislature, including one styled the Emer-

gency Relief Act, which provided, as does our law, for the distribution of funds by the commission. In holding the procedure provided for constitutional, the court said:

"Legislative power is authority to pass rules of law for the government and regulation of people or property. Where the legislative body has the power to enact a law as a necessary adjunct to such power it has the legal right to adopt a procedure for the administration of such law. * * * It is impractical for legislative acts providing for the health, welfare, protection and necessities of the people through boards or commissions, to prescribe every detail of the duties to be performed by such boards or commissions. Such powers, when granted, are neither judicial nor legislative. * * * The discretion granted is not a judicial or legislative discretion, but a ministerial discretion * * * ."

See State v. Manning, 220 Iowa 525, 259 N. W. 213, and cases cited. The cases of State v. Van Trump, 224 Iowa 504, 275 N. W. 569, and Goodlove v. Logan, 217 Iowa 98, 251 N. W. 39, are not opposed to, but support, this view. See cases cited in the Van Trump case. See also, Soper v. Wheeler, 239 Mass. 327, 132 N. E. 46, and State ex rel v. Brandjord, 1939, 108 Mont. 447, 92 P. 2d 273. In the latter case the claimant brought an action to prevent the reduction of the amount formerly paid her and for restoration of the previous allowance. In a ruling adverse to her contention the court held that the manner of distribution, as to a general reduction or the payment of full quotas and the early exhaustion of funds, were matters of administrative discretion vested exclusively in the board and its administrator.

We have carefully examined the abstract and transcript of the evidence submitted and do not find that they show either fraud or abuse of discretion.

Other questions raised by the appellant are not necessary to be considered. The question of constitutionality of the former provision relating to a hearing on the merits was not

raised in the district court and would be immaterial at this time as the statute now stands.

The district court in its opinion stated that it was not determining the question of the applicants' eligibility for assistance, but was reviewing the cause to determine whether or not the board had shown grounds and proceeded in the regular way to show grounds for cancellation. It did, however, indicate that it disagreed with the finding of the board. In the absence of a showing of fraud or abuse of discretion we are not disposed to hold that the court can interfere. The district court suggested that proceedings might be brought, and should be brought, by the county attorney, upon application of the State Board of Social Welfare, against responsible relatives to require support. This, however, is not that form of proceeding but is only to determine whether or not the applicants should be reinstated.

We have carefully examined the record of the proceedings in this action, especially so in view of the fact that the applicants are not here represented, and our conclusion must be, and is, that the ruling of the district court in reinstating the applicants and in ordering the payment of benefits cannot be sustained. The order of the district court is, therefore, reversed. —Reversed.

HAMILTON, C. J., and STIGER, RICHARDS, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.