## BOHANNAN v. ARIZONA EX REL. SMITH, ATTORNEY GENERAL.

No. 204.   Decided October 9, 1967.

*John P. Frank* for appellant.

*Darrell F. Smith,* Attorney General of Arizona, and *Gary K. Nelson,* Assistant Attorney General, for appellee.

PER CURIAM.

The motion to dispense with printing the motion to dismiss is granted.   The motion to dismiss is also granted and the appeal is dismissed for want of a properly presented federal question.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK joins, dissenting.

Appellee applied in the court below for a writ of *quo warranto.*   The petition asked that appellant be ousted "from the office he presently holds as Member of the State Board of Public Welfare of the State of Arizona, and [that] his office [be declared] vacant so that

1

2

a successor may be qualified as provided by law." Appellee referred in its petition and brief to Ariz. Rev. Stat. § 38-447, which provides that any official who violates the statutory prohibition against having an interest in contracts made by him in his official capacity "shall be punished by a fine of not more than one thousand dollars or by imprisonment in the state prison for not more than five years, and is forever disqualified from holding any office in this state." Appellee, however, asked the court below only to require appellant "to show cause why his position as a Member of the State Board of Public Welfare should not be declared vacant and why he should not be found to unlawfully hold said office, so that a successor may be qualified as provided by law."

Appellant filed a motion to quash the application on the ground that under the statutory scheme removal from office could be imposed only upon one who had been found guilty in a criminal proceeding of violating the statutory provisions. That motion was denied. Appellant then answered the application, acknowledging that certain mortgage transactions between the Arizona Retirement Board and the Associated Mortgage and Investment Company took place while he was a member of the former and president and director of the latter. Oral argument was denied, the case being decided on the briefs.

Up to that point, therefore, the matter was presented as a question of state law—it was contended that the state statutes did not permit removal from office prior to a criminal conviction. The court, however, not only ruled that appellant should be excluded from his office as a Member of the State Board of Public Welfare but also "forever disqualified from holding any public office in the State of Arizona." To reach this conclu-

sion, the court construed the Arizona statutes to require a criminal conviction if a fine or imprisonment were to be imposed on the public official, but only a "judicial determination of the fact upon which the disqualification rests," if disqualification were the sanction to be imposed. The *quo warranto* proceeding before the court was held to offer a sufficient "judicial determination of the fact" to exclude appellant from the office he held and to bar him permanently from public office.

In his petition for rehearing appellant challenged on federal constitutional grounds the court's use of the civil *quo warranto* proceeding to disqualify him permanently from public office. He asserted that the statute, as construed by the court, permitted the permanent barring of a person from public office in a civil proceeding lacking vital elements of due process. Appellant also contended that the statute, as construed, constituted a bill of attainder since it operated to inflict punishment without the constitutional safeguards of a judicial trial.

It seems obvious that until the court had interpreted the statute in appellant's case to allow permanent disqualification in a *quo warranto* proceeding in which the petition asked only for a show-cause order and that appellant be discharged from his present office, appellant had, as a practical matter, no reason to raise the federal claims he presents to this Court. Appellee did not ask for a declaration of permanent disqualification in its petition for *quo warranto*. The Arizona statute that expressly provides for the judgment to be entered in a *quo warranto* case, Ariz. Rev. Stat. § 12–2045, does not mention permanent disqualification from office. That section provides only that "when a defendant is adjudged guilty of usurping or intruding into or unlawfully holding an office, franchise or privilege, judgment shall be given that the defendant be excluded from the office, franchise

4

or privilege. The court may also impose upon defendant a fine not exceeding two thousand dollars, which, when collected, shall be paid into the state treasury."

If a federal question arises because of an unexpected construction of a state statute by the highest state court, the question is timely raised for purposes of review by this Court if it is presented in the petition for rehearing. *Brinkerhoff-Faris Trust & Savings Co.* v. *Hill,* 281 U. S. 673.

A declaration that a person is permanently barred from any future public office raises constitutional issues that simple removal from office does not. Such a declaration sweeps broadly and may destroy the individual's right to a livelihood in the field of his greatest competence. The serious nature of any such holding demands that the rules of procedural due process be complied with strictly. I believe that the issues raised are substantial and were properly presented below. Probable jurisdiction should be noted, or at the very least we should take the case and hear it argued, postponing the question of jurisdiction to the merits.