495 P.2d 150

**The CITY OF SAFFORD, a Municipal Corporation, Appellant,**

v.

**The TOWN OF THATCHER, a Municipal Corporation, Appellee.**

**No. 2 CA–CIV 1086.**

Court of Appeals of Arizona, Division 2.

March 30, 1972.

Rehearing Denied April 19, 1972.

Review Denied May 23, 1972.

Richardson, Mortensen & Greenhalgh, by Wilford R. Richardson, Safford, for appellant.

Anderson, Welker & Flake, by Dudley S. Welker, Safford, for appellee.

HATHAWAY, Judge.

The City of Safford brought suit against the Town of Thatcher in opposition to an attempt by the Town of Thatcher to annex

a long, narrow strip of land lying south and east of the Town of Thatcher. The strip of land involved in the annexation is approximately five miles long by fifty feet in width, with the exception of the portion of the strip which contacts the southern limit of the Town of Thatcher. It encircles approximately 2,180 acres of farm land not to be annexed, as more particularly appears in the following exhibit.

[7272]

On March 29, 1971, the Town of Thatcher adopted an ordinance purporting to annex the property in question. The neighboring City of Safford opposed the annexation in its entirety, but subsequently withdrew its objection to the annexation of the subdivision known as Daley Estates and to the quarter-mile column of land which connects the Daley Estates with the Town of Thatcher.

The superior court found that the fifty-foot strip was contiguous to the Town of Thatcher because it touched the corporate boundaries at two points. Whether the proposed annexation is of land contiguous to the corporate limits of the Town of Thatcher is the principal question presented by this appeal. The pertinent parts of A.R.S. § 9–471 (Supp.1971–72) provide:

"A. A city or town may extend and increase its corporate limits in the following manner:

1. On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, in any territory contiguous to the city or town, as shown by the last assessment of the property, and not embraced within the city or town limits, the governing body of the city or town may, by ordinance, annex the territory to such city or town.

\* \* \* \* \* \*

C. Any city or town, the attorney general, the county attorney or other interested party may upon verified petition move to question the validity of the annexation for failure to comply with the provisions of subsection A, paragraphs 1 and 2. . . . The burden of proof shall be upon the petitioner to prove the material allegations of his verified petition. No action shall be brought to question the validity of an annexation ordinance unless brought within the time *and for the reasons provided in this subsection.* . . .

D. The annexation shall become final after the expiration of thirty days from the first reading of the ordinance annexing the territory by the city or town governing body, provided the annexation ordinance has been finally adopted in accordance with procedures established by statute, charter provisions, or local ordinances, whichever is applicable, subject to the review of the court to determine the validity thereof if petitions in objec-

tion have been filed." [Emphasis added].

Appellant contends that the annexation statute must be considered as a whole to establish its purpose and to determine whether that purpose is being fulfilled. It claims that the purpose of the annexation must be to "extend and increase" corporate limits and that this purpose when read with the "contiguity" requirement was not met by the Town of Thatcher. The trial court found that the purpose of the annexation is not a proper subject for judicial inquiry. Appellee contends that under the express language of A.R.S. § 9–471, subsec. D (Supp.1971–72) the court review contemplated places the question of reasonableness of the annexation beyond the jurisdiction of the court. Appellant replies that judicial inquiry on reviewing an annexation ordinance is two-fold. First, the court must determine if the municipality followed the steps outlined in the statute for enacting an annexation ordinance. Secondly, the court must determine if the ordinance as enacted is reasonable. We are convinced that Arizona has clearly committed itself to the view that judicial inquiry is limited to the former and the courts will not concern themselves with the reasonableness or wisdom of annexation, since that is exclusively a legislative and political problem. See In re City of Phoenix, 52 Ariz. 65, 68–69, 79 P.2d 347, 348 (1938), where Justice Alfred C. Lockwood, speaking for the court, stated:

"The power to create and to destroy municipal corporations, and to enlarge or diminish their boundaries is universally held to be solely and exclusively the exercise of legislative power. . . . When, therefore, the question before the court is whether or not a statute which confers upon the courts the final power to determine whether land should be annexed to an existing municipal corporation is constitutional, and the only limitation upon the exercise of that power is that the court shall determine the issue without any standard or rule to guide it but its own view as to the political and

economic expediency of the annexation, it would seem axiomatic that the power so to be exercised by the court was legislative in its nature, rather than judicial." Justice Lockwood concluded the opinion by stating:

"[I]n so far as the legislature delegates to the courts the right of determining the existence of certain facts stated by the legislature to be essential to the addition of territory to a municipality, the function of the court is judicial and properly exercised, but in so far as its ultimate action is made to depend upon unfettered discretion as to whether politically and economically speaking, it is advisable that the annexation be made, such function is purely legislative in its nature and, impliedly at least, vested by our Constitution exclusively in the Legislative Department of the government, and cannot be delegated to the Judicial Department." 52 Ariz. at 94–95, 79 P.2d at 359.

See also 56 Am.Jur.2d Municipal Corporations § 64 (1971) (delineating judicial and legislative functions).

A situation somewhat analogous to that before us was presented in State ex rel. De Concini v. City of Phoenix, 74 Ariz. 46, 243 P.2d 766 (1952). The City of Phoenix sought to annex a tract of "contiguous land" leaving an island of unannexed territory surrounding the Phoenix Country Club. The unannexed territory was made up mainly of the golf course. The court stated:

"Conceding that the proponents of the annexation may have tacitly agreed with the Country Club that the golf course would be excluded from the area to be annexed, that in itself would not vitiate the petitions. In the matter of annexation, under the circumstances as presented here the question of including or excluding any given area is discretionary with the governing body. Furthermore, *the motives of the governing body may not be inquired into.*" 74 Ariz. at 51, 243 P.2d at 769–70. [Emphasis added].

See also City of Tucson v. Garrett, 77 Ariz. 73, 267 P.2d 717 (1954).

■ Furthermore, the basis for questioning the validity of an annexation is clearly limited by the statute. See, A.R.S. § 9–471, subsec. C (Supp.1971–72). Since this section preserves the right to the appellant to question whether the territory in question is "contiguous," we address ourselves to that point. Black's Law Dictionary 391 (rev. 4th ed. 1968) defines "contiguous" in the following language:

"In close proximity; near, though not in contact; neighboring; adjoining; near in succession; in actual close contact; touching; bounded or traversed by. The term is not synonymous with 'vicinal.'"

We find no Arizona case defining contiguous as it is used in A.R.S. § 9–471 (Supp. 1971–72). However, in State v. City of Phoenix, supra, the court stated:

"The area which the city sought to annex is an irregularly shaped tract of *contiguous land* which completely surrounds the Phoenix Country Club." 74 Ariz. at 47, 243 P.2d at 767 [Emphasis added].

Thus, in Arizona, where the courts are not concerned with the motive, wisdom or reasonableness of the annexation, it is sufficient if the land sought to be annexed touches the land to which it is to be annexed. The legislative purpose—to extend the corporate limits—is clearly served by any increase thereof.

■ Appellant cites a number of cases from other jurisdictions, but the Arizona Supreme Court has clearly charted the course and we must follow. The size and shape of a parcel to be annexed is immaterial and is conclusively a legislative problem and the courts will not read into the annexation statutes limitations relating to unusual or irregular shapes or patterns of territories annexed. Town of Scottsdale v. State, 98 Ariz. 382, 405 P.2d 871 (1965).

The judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.