599 P.2d 848

**David GLICK and Donna Glick, husband and wife, Bernard Zinke and Glori Zinke, husband and wife, Appellants,**

**v.**

**TOWN OF GILBERT, a municipal corporation, Appellee.**

**No. 1 CA–CIV 3910.**

Court of Appeals of Arizona, Division 1, Department B.

June 12, 1979.

Rehearing Denied Aug. 2, 1979.

Review Denied Sept. 13, 1979.

complaint and before the trial court at the time it ruled on the motion.

Smith, Riggs, Buckley & Farnsworth by Darrell F. Smith, Mesa, for appellants.

Snell & Wilmer by Ted J. Thayer, W. Charles Thomson, John J. Bouma, Phoenix, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

In January of 1975, the Town of Gilbert passed an ordinance annexing several parcels of land located some distance from the previous city limits and a strip of land connecting those parcels to the city.  The

strip completely encircled the town and was contiguous to the previous city limits for only fifty feet at each of two points. The perimeter of the annexed strip was approximately 30 miles and the strip was as narrow as 20 feet. While no reproducible diagram of the annexation is available, its configuration is similar to the diagram in *City of Safford v. Town of Thatcher,* 17 Ariz.App. 25, 26, 495 P.2d 150, 151 (1972).

Owners of property bisected by the strip filed this action asserting that the annexation violated the applicable statutory procedures set forth in A.R.S. § 9–471. They appeal from a trial court judgment dismissing their complaint filed against the city.

A.R.S. § 9–471 provides as follows:

Annexation by petition

A. A city or town may extend and increase its corporate limits in the following manner:

1. On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, in any territory contiguous to the city or town, as shown by the last assessment of the property, and not embraced within the city or town limits, the governing body of the city or town may, by ordinance, annex the territory to such city or town.

2. The petition submitted to the owners of property for their signature[1] shall

[1] So in original. Probably should be signatures.

set forth a description of all the exterior boundaries of the entire area proposed to be annexed to the city or town. The petition shall have attached to it at all times an accurate map of the territory desired to be annexed, and no additions or alterations increasing the territory sought to be annexed shall be made after the petition to which it is attached has been signed by any owner of property in such territory, but a reduction in the territory sought to be annexed may be made.

3. After the first reading of the ordinance annexing the territory by the governing body of the city or town, the city or town shall file a copy of the ordinance, with an accurate map of the territory annexed, certified by the mayor of the city or town, in the office of the county recorder of the county where the annexed territory is located.

B. Upon the first reading of the ordinance annexing the territory, the territory shall be withdrawn from further annexation by any other city or town, for a period of sixty-one days from the date of such first reading.

C. Any city or town, the attorney general, the county attorney, or other interested party may upon verified petition move to question the validity of the annexation for failure to comply with the provisions of subsection A, paragraphs 1 and 2. The petition shall set forth the manner in which it is alleged the city or town has failed to comply with the provisions of subsection A, paragraphs 1 and 2, and shall be filed within thirty days of the first reading of the ordinance annexing the territory by the governing body of the city or town and not otherwise. The burden of proof shall be upon the petitioner to prove the material allegations of his verified petition. No action shall be brought to question the validity of an annexation ordinance unless brought within the time and for the reasons provided in this subsection. All hearings provided by this section and all appeals therefrom shall be preferred and heard and determined in preference to all other civil matters, except election actions. In the event more than one petition questioning the validity of an annexation ordinance is filed, all such petitions shall be consolidated for hearing.

D. The annexation shall become final after the expiration of thirty days from the first reading of the ordinance annexing the territory by the city or town governing body, provided the annexation ordinance has been finally adopted in accordance with procedures established by statute, charter provisions, or local ordinances, whichever is applicable, subject to

the review of the court to determine the validity thereof if petitions in objection have been filed.

E. For the purpose of determining the sufficiency of the percentage of the value of property under this section, such values of property shall be determined as follows:

1. In the case of property assessed by the county assessor, values shall be the same as shown by the last assessment of the property.

2. In the case of property valued by the department of property valuation, values shall be appraised by the department in the manner provided by law for municipal assessment purposes.

F. The county assessor and the department of property valuation, respectively, shall furnish to the city or town within thirty days after a request therefor, a statement in writing showing the appraisement and assessment of all such property.

■ Before the trial court and on appeal the appellants have urged essentially three deficiencies in the annexation. First, they contend that town officials improperly looked to the assessor's rolls to determine the assessed valuation of the property to be annexed, rather than requesting the assessor's office itself to furnish that assessment. We cannot agree that such a request is required by A.R.S. § 9–471(F). The statute merely provides that the assessor shall assist the town "after a request." It does not mandate the city to make such a request. The record adequately reflects that the town's officials did use the latest tax assessments in computing the value of the property to be annexed.

■ Second, the appellants claim that the town failed to consider personal property in computing property values. A.R.S. § 9–471(A)(1) requires that the petitions for annexation be signed by owners of not less than one-half in value of the "real and personal property . . . shown by the last assessment." At trial, the appellants showed at most that there was some personal property located on the land annexed,

and that some of this property may not have appeared on the county assessment rolls. The statute, however, does not require the town to do its own independent assessment of property. It requires only that the town use the latest assessment rolls in making its computations, as was done by the town in this case. We find no failure to comply with the statute.

■ Next, appellants argue that there was error in the legal description of the land to be annexed, and that as a result of the error, the legal description included 40 acres which were not shown on the map attached to the petition. The appellee, town of Gilbert, concedes that there was a typographical error in the legal description of the property to be annexed, but maintains that the map attached to the annexation ordinance was accurate in all respects. Our case law establishes that absolute literal compliance with statutory annexation requirements is not required, and that minor and not misleading discrepancies between the legal description and the map are not fatal to the validity of the annexation. *State v. Town of Benson, Cochise County,* 95 Ariz. 107, 387 P.2d 807 (1963); *McCune v. City of Phoenix,* 83 Ariz. 98, 317 P.2d 537 (1957). Accordingly, the alleged "gap" was not misleading and does not render the annexation illegal.

■ At trial appellants also argued that this type of strip annexation was unfair. They stressed that the town only annexed strips of land owned by those who opposed the annexation, but annexed the entire parcels of those who favored annexation. The appellants, however, advanced only one legal theory before the trial court to avoid such a result. They suggested that A.R.S. § 9–471(A)(1) requires that the entire value of every parcel of property involved in the annexation should be used in computing the base for the 50% owner consent. They asserted that the town erred in considering only the value of the property to be annexed. Although appellants have argued that theirs is a necessary interpretation of the statute, it is in fact directly

contrary to that language providing that it is the value of the land to be annexed that forms the basis of the computation. Appellants' theory could lead to ludicrous results as, for example, where a proposed annexation includes smaller parcels and only a corner of a very large one. The owner of the larger property would control the outcome, despite the minor effect of the annexation on his own property and the fact that only the corner would be considered for taxation purposes.

■ Appellants have also argued to this Court that strip annexation violates constitutional standards of due process and equal protection. None of these arguments were presented to the trial court prior to judgment, however, and we find the record in this case inadequate to deal with any constitutional questions. We note that some of appellants' arguments also relate to the position of the owners of property which was not in any part annexed but which was completely encircled by this strip annexation. These parcels are now precluded from becoming part of any other municipality. None of those owners were parties to this litigation. We decline to accept appellants' suggestion that this Court consider constitutional questions, even though not raised in the trial court, on grounds of general public importance. *See Roseland v. City of Phoenix,* 14 Ariz.App. 117, 481 P.2d 288 (1971); *VanDusen v. Registrar of Contractors,* 12 Ariz.App. 518, 472 P.2d 487 (1970).

■ This Court is well aware of the controversy which has surrounded "strip annexation" in this and other jurisdictions. *See generally* 2 McQuillan, Municipal Corporations, § 7.20; 1 Antieau, Municipal Corporation Law, § 1A.17. Some courts have taken the position that land to be annexed must, in order to meet a statutory requirement of contiguity such as exists in Arizona statutes, have reasonably substantial physical contact with the existing city limits. *E. g., Spaulding School Dist. No. 58 v. City of Waukegan,* 18 Ill.2d 526, 165 N.E.2d 283 (1960); *see also Potvin v. Village of Chubbuck,* 76 Idaho 453, 284 P.2d 414 (1955); *Watson v. Doolittle,* 10 Ohio App.2d 143, 226 N.E.2d 771 (1967); *Township of Owosso v. City of Owosso,* 385 Mich. 587, 189 N.W.2d 421 (1971); *Reafsnyder v. City of Warsaw,* 155 Ind.App. 455, 293 N.E.2d 540 (1973). Arizona courts, to date, have adopted a much more restrictive standard of judicial review, *see e. g., City of Tucson v. Garrett,* 77 Ariz. 73, 267 P.2d 717 (1954), and Division Two of this Court has approved an annexation very similar to the one involved in this case, holding that the contiguity requirement is met by any "touching." *City of Safford v. Town of Thatcher, supra.* Appellants have not asked this Court to question that holding, and we express neither approval nor disapproval of it here.

In the present case, we hold that the trial court properly found the alleged deficiencies raised by appellants to be insufficient to affect the validity of the ordinance.

The judgment is affirmed.

OGG, C. J., Division 1, and JACOBSON, J., concur.