683 P.2d 338

Calvin L. **KEMPTON** and **Hermoine Kempton**, his wife, and **James W. Linseth** and **Nora Linseth**, Plaintiffs/Appellees,

v.

The **CITY OF SAFFORD**, a municipal corporation, Defendant/Appellant.

No. 2 CA–CIV 4884.

Court of Appeals of Arizona
Division 2.

Feb. 1, 1984.

Review Denied June 5, 1984.

Anderson & Welker, P.C. by Dudley S. Welker, Safford, for plaintiffs/appellees.

Richardson & Mortensen by Wilford R. Richardson, Safford, for defendant/appellant.

## OPINION

BIRDSALL, Chief Judge.

The appellees are taxpayers owning and residing on property located within the boundaries of an area claimed to have been annexed to the City of Safford by Ordinance # 264. They were successful in the trial court, the court declaring the ordinance invalid and of no force and effect.

On appeal the City of Safford, appellant, presents the following legal issues:

1) Did Thatcher Ordinance # 45 and Safford Ordinance # 261, declared null and void by the Court, prevent Safford Ordinance # 264 from being effective?

2) Did Safford Ordinance # 263, which was rescinded, never published, but recorded by mistake, more than nine (9) months after adoption, prevent Ordinance # 264 from being effective?

3) Is the publication of the City of Safford Ordinance # 264 three (3) times, instead of four (4) fatal?

We reverse.

It is necessary to review a very confusing history in order to put the trial court's ruling in proper perspective.

In 1972 this court decided *City of Safford v. Town of Thatcher*, 17 Ariz.App. 25, 495 P.2d 150 (1972). That controversy between the two neighboring municipalities involved an annexation of a strip of land by the town of Thatcher. The appellate opinion affirmed the trial court judgment upholding the ordinance.

In 1980 the 34th Legislature, Second Regular Session, enacted Chapter 226 amending A.R.S. § 9–471. This legislation prescribed limitations on the annexation of strips of land. The non-emergency legislation did not become effective until July 31, 1980. Apparently because of the new legislation and to avoid its impact, the City of Safford on June 4, 1980, adopted Ordinance # 261 which undertook a strip annexation surrounding miles of territory with a three-foot strip which also surrounded part of the town of Thatcher. The town of Thatcher countered that action by passage on June 17 of its Ordinance # 45 purporting to annex a strip inside Safford's new strip, thus cutting Safford off from the territory it was attempting to annex. Thatcher was able to do this because the annexation, under Ordinance # 261, had overlapped the previous strip annexation by Thatcher, thus enabling Thatcher to have contiguous land for their new annexation. See our definition of contiguous in *City of Safford v. Town of Thatcher, supra*.

As a result of all this legal skirmishing, the two municipalities got together and agreed upon permanent annexation boundaries. The agreement was approved by the governing bodies of both and signed June 30, 1980, one month before the effective date of the new legislation. This agreement provided that ordinances # 261 and # 45 would be "voided". However, on that same date, June 30, at a special noon meeting, Safford had adopted another annexation ordinance, # 263, which intersected and crossed over the three-foot strip described in # 261 and also intersected, crossed over and included lands described in Thatcher's # 45. After the agreement between the two, the Safford Common Council adopted a motion to rescind # 263 and had the second and final reading of new Ordinance # 264. That ordinance, which complied with the agreement between Safford and Thatcher, was first read and adopted on June 30 at the evening meeting when the agreement was approved. It is this last ordinance, # 264, which the trial court held invalid.

By mistake, rescinded Ordinance # 263 was subsequently recorded on April 3, 1981. By stipulation Ordinances # 261 and # 45 were declared null and void and of no effect in another action.

The appellees were not parties to the June 30 agreement between the two munic-

ipalities. Nothing suggests they ever had anything to do with all of the legal manuevering we have described. Pursuant to Ordinance # 264 their lands described therein would be annexed by the City of Safford. They are opposed to such annexation.

We do not have the benefit of the trial court's reasoning. The appellees contended in their petitions[1] that the property sought to be annexed by # 264 was not contiguous to the City of Safford because the property was withdrawn from annexation pursuant to former A.R.S. § 9–471(B) which provides:

"Upon the first reading of the ordinance annexing the territory, the territory shall be withdrawn from further annexation by any other city or town, for a period of sixty-one days from the date of such first reading."

The appelles posited that the earlier annexation ordinances, # 261 and # 45 precluded the adoption of # 264 for the 61-day period.

Assuming, arguendo, that the appellees may question the validity of the ordinance for this reason, a matter we discuss later in this opinion, we do not agree that ordinance # 264 is invalid for that reason.

■■■ It is undisputed that the two municipalities intended that # 264 was to be the final result of all their annexation efforts. A municipal corporation which has the power to enact ordinances has by implication the power to rescind ordinances. E. McQuillen, Municipal Corporation, Vol. 6, Sec. 21.10 (3rd Ed.1980); C. Rhyne, The Law of Local Government Operations, Sec. 8.8 (1980). Both these authorities recognize that vested rights may not be impaired by the repeal of an ordinance, but no such vested rights are involved here. The appellees acquired no rights under the ordinances which were declared void or the ordinance which was rescinded. The only effect of the rescission of these ordinances was to nullify those annexation proceedings. The Arizona annexation statute, A.R.S. § 9–471(A), provides:

"A. A city or town may extend and increase its corporate limits in the following manner:

1. On presentation of a petition in writing signed by the owners of not less than one half in value of the real and personal property as would be subject to taxation by the city or town in the event of annexation, in any territory contiguous to the city or town, as shown by the last assessment of the property, and not embraced within the city or town limits, *the governing body of the city or town may, by ordinance, annex the territory to such city or town.*

2. The petition submitted to the owners of property for their signature shall set forth a description of all the exterior boundaries of the entire area proposed to be annexed to the city or town. The petition shall have attached to it at all times an accurate map of the territory desired to be annexed, and no additions or alterations increasing the territory sought to be annexed shall be made after the petition to which it is attached has been signed by any owner of property in such territory, but a reduction in the territory sought to be annexed may be made." (emphasis supplied)

Thus a decision to annex is discretionary with the governing body. *See also City of Tucson v. Garrett,* 77 Ariz. 73, 267 P.2d 717 (1954); *State ex rel. DeConcini v. City of Phoenix,* 74 Ariz. 46, 243 P.2d 766 (1952). Insofar as the appellees' property was included in the three earlier ordinances, we also note that it could have been deleted from the territory to be annexed. This was, in fact, a result of the rescission of the earlier ordinances.

We have used the term rescission in reference to the actions taken with regard to all the earlier attempted annexations even though the governing bodies chose to agree that # 261 and # 45 would be voided

---

1. The Kemptons and Linseths each filed petitions in the superior court. The two cases were consolidated.

whereas # 263, only, was technically "rescinded". None of these three ordinances had taken effect. They were not final. A.R.S. § 9–471(D) provides, in part, that an annexation shall become final after the expiration of 30 days from the first reading of the ordinance. Ordinance # 261 was adopted June 4; # 45 was adopted June 17. The decision to have these ordinances boided was made June 30, well within the 30 days. The subsequent judgment declaring them void was entered July 2, also within the time period. Ordinance # 263 was rescinded July 14, only two weeks after its adoption. Because of these actions taken to nullify the three ordinances, the provisions of A.R.S. § 9–471(B) did not withdraw the territory from annexation by ordinance # 264. Since the territory was not thus withdrawn and was otherwise contiguous to Safford, # 264 was not invalid for that reason.

We believe the purpose of the statute was to prevent municipalities from attempting to annex territory already included in a proposed annexation—to provide a period of time for the first annexation to succeed or not without competition from another city or town. This is exactly what would have occurred in this instance except for the peaceful agreement reached by Safford and Thatcher. Where the two municipalities agreed, no vested rights accrued, and it is apparent that ordinance # 264 was a compromise of their disputes; subparagraph (B) should not be controlling. We believe it was meant as a shield to protect annexation proceedings, not as a sword to destroy them.

We find *Burton v. City of Tucson,* 88 Ariz. 320, 356 P.2d 413 (1960) and *Colquhoun v. City of Tucson,* 55 Ariz. 451, 103 P.2d 269 (1940) not in point since both involved contests between competing governmental bodies, not the recission of attempted annexation ordinances pursuant to the agreement of the bodies.

We turn now to the issue concerning publication of the ordinance three times instead of four. A.R.S. § 9–471(D) provides:

"The annexation shall become final after the expiration of thirty days from the first reading of the ordinance annexing the territory by the city or town governing body, provided the annexation ordinance has been finally adopted in accordance with procedures established by statute, charter provisions, or local ordinances, whichever is applicable, subject to the review of the court to determine the validity thereof if petitions in objection have been filed."

A.R.S. § 9–812(A) requires publication of ordinances as provided in A.R.S. § 39–204. Subparagraph (B) of the latter statute provides, in part:

"B. If the number of times the notice is to be published is not specified, publication shall be:

1. If in a weekly newspaper, once each week for four consecutive weeks, with not less than twenty days intervening between the first and last publication."

.     .     .     .     .

Thus the appellee argues publication of # 264 was defective and the ordinance is invalid.

Even assuming, without deciding, that this argument has some validity, the appellees may not question the validity of the ordinance for this reason. A.R.S. § 9–471(C), prior to its amendment in 1983,[2] provided:

"Any city or town, the attorney general, the county attorney, *or other interested party* may upon verified petition *move to question the validity of the annexation for failure to comply with the provisions of subsection A, paragraphs 1 and 2.* The petition shall set forth the manner in which it is alleged the city or town has failed to comply with the provisions of subsection A, para-

**2.** The 1983 amendment added subsection B to the questions which may be raised by an inter-

ested party.

graphs 1 and 2, and shall be filed within thirty days of the first reading of the ordinance annexing the territory by the governing body of the city or town and not otherwise. The burden of proof shall be upon the petitioner to prove the material allegations of his verified petition. *No action shall be brought to question the validity of an annexation ordinance unless brought* within the time and *for the reasons provided in this subsection.* All hearings provided by this section and all appeals therefrom shall be preferred and heard and determined in preference to all other civil matters, except election actions. In the event more than one petition questioning the validity of an annexation ordinance is filed, all such petitions shall be consolidated for hearing." (emphasis supplied) We have earlier set forth subsection (A), paragraphs 1 and 2, in their entirety. They do not refer in any way to the requirements made necessary by § 9–471(D). Since a failure to publish four times instead of three is not a question which the appellees may raise to invalidate an annexation ordinance, we need not decide this issue.

The trial court judgment is reversed and the appellees' petitions are ordered dismissed.

Reversed.

HATHAWAY and HOWARD, JJ., concur.