[No. A015060. First Dist., Div. One. May 16, 1984.]

PAUL SCHAEFFER, as Trustee, etc., Plaintiff and Respondent, v. COUNTY OF SANTA CLARA et al., Defendants and Appellants.

**COUNSEL**

Ann Miller, Acting County Counsel, Donald J. Fallon, Deputy County Counsel, Robert J. Logan, City Attorney, and Robert R. Cimino, Senior Deputy City Attorney, for Defendants and Appellants.

Terry D. Graff, Richard G. Hyppa and Wool, Richardson & Graff for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—The several above-named defendant public entities and officials appeal from a summary judgment in favor of plaintiff Paul Schaeffer, as trustee, declaring certain municipal annexation proceedings to be invalid.

The *uncontroverted* material facts upon which the summary judgment was based follow.

 Entirely surrounded by the City of San Jose was an irregularly shaped *unincorporated* 600-acre tract of land known as Cambrian Park, which itself may reasonably be deemed to have been an *island* in relation to the City of San Jose. ("Island" = "something resembling an island by its isolated, surrounded, or sequestered position." Webster's Third New Internat. Dict., p. 1198.)

Within, and part of, the 600-acre Cambrian Park *island* was a 19.73-acre parcel of land improved as a retail shopping center, known as Cambrian Park Plaza, and owned by the plaintiff, Schaeffer. The 19.73-acre Cambrian Park Plaza was located on the perimeter of the 600-acre Cambrian Park, and 68 percent of its boundary was coterminous with that of the City of San Jose. It was that 19.73-acre parcel only, *not* the remainder of the island

which was sought to be annexed by the City of San Jose under the authority of Government Code section 35150.

Plaintiff Schaeffer filed written protest to the annexation of his property, but the several defendants nevertheless proceeded to its apparent finality. Plaintiff thereupon commenced the instant action to set the proceedings aside.

■ It is the strong public policy of this state, in respect of municipal annexation proceedings, that the inhabitants and owners of land proposed to be annexed have the ultimate decision thereon. (See generally, Gov. Code, § 35200 et seq.; 45 Cal.Jur.3d, Municipalities, § 7 et seq., p. 29 et seq.)

In the case, as here, of uninhabited territories, this public policy is effected by Government Code section 35229: "When the territory proposed to be annexed . . . is uninhabited, the conducting authority . . . shall [timely] . . . (a) Terminate proceedings if written protests are filed and not withdrawn by the owners of land and improvements."

But there is an exception.

Government Code section 35224.5 provides that section 35229 shall not apply to any proceeding initiated, as here, before January 1, 1981, and when "approved and authorized by the commission pursuant to subdivision (f) of Section 35150."

Government Code section 35150, as in effect at here relevant times, provided:

"The [Local Agency Formation Commission] shall have the powers and duties . . . as are specified in this part, including the following: . . .

"(f) To approve the annexation [of territory] after notice and hearing, and authorize the conducting authority to order annexation of the territory without an election if the commission finds that the territory contained in an annexation proposal:

"(1) Does not exceed 100 acres in area and such area constitutes the entire island;

"(2) (A) Is surrounded or substantially surrounded by the city to which annexation is proposed or by such city and a county boundary or the Pacific Ocean; [or]

"(B) Is surrounded by a city and adjacent cities; . . ."

■ Our task is the interpretation of this statute, thus to determine whether it, when read in conjunction with Government Code section 35224.5, permitted, notwithstanding plaintiff's unwithdrawn protest, annexation to the City of San Jose of the 19.73-acre Cambrian Park Plaza.

We observe first that the 19.73-acre Cambrian Park Plaza was *not* surrounded "by a city and adjacent cities"; instead it was surrounded by the City of San Jose (68 percent of its boundary line) and by the *unincorporated* Cambrian Park (32 percent). The above-noted subdivision "(B)" of the statute was accordingly inapposite.

We inquire next, whether the 19.73-acre Cambrian Park Plaza must reasonably be deemed, *as a matter of law,* to have been "surrounded or *substantially surrounded* [our italics] by [the City of San Jose,] the city to which annexation [was] proposed," as covered by the above-noted subdivision "(A)." Assuming, but only arguendo that it must, we become confronted with the statutory insistence (subd. (f)(1)) *that the area to be annexed shall constitute "the entire island."* Here the area proposed to be annexed, the 19.73-acre Cambrian Park Plaza, was but *a part* of the 600-acre Cambrian Park island surrounded entirely by the City of San Jose. The smaller area was thus *not* subject to annexation, over plaintiff's protest, *without an election* under Government Code sections 35150 and 35224.5.

We are unpersuaded by defendants' argument that the 19.73-acre Cambrian Park Plaza may, and should, be treated as an island within the larger 600-acre island of Cambrian Park. Doing so, we think, would defeat the statutory purpose that only "entire islands" within a city's confines be annexed. And it would visit violence upon another of the statute's dictates, i.e., that the total area to be annexed *"not exceed 100 acres."* For if *part* of an otherwise forbidden larger island might be so annexed, that proceeding could be followed by other such proceedings, and yet others, until an entire 600 acres such as Cambrian Park be so consumed, contrary to the clear legislative purpose that areas more than 100 acres in size *not* be annexed under section 35150.

■ Giving effect to the legislative purpose is the prime rule of statutory interpretation. (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 259 [104 Cal.Rptr. 761, 502 P.2d 1049].)

■ Another of defendants' arguments is that: "The superior court did not acquire in rem jurisdiction due to plaintiff's failure to comply with the mandatory jurisdictional process concerning validation procedures."

An action testing the validity of municipal proceedings shall, according to Government Code section 35005, be brought under the provisions of Code of Civil Procedure sections 860-870, inclusive. Those statutes, among other things, call for completion of publication of summons, directed to "all persons interested," within 60 days of the action's commencement. And they provide that upon failure to do so, "the action shall be forthwith dismissed on the motion of the public agency *unless good cause for such failure is shown by the interested person.*" (Our italics, Code Civ. Proc., § 863.) Here plaintiff Schaeffer had not timely caused such publication of summons and defendants, by demurrer and motion, unsuccessfully sought the action's dismissal. The instant contention asserts error in the superior court's refusal to dismiss the action, and in its continued exercise of jurisdiction over it.

But we observe that plaintiff Schaeffer moved the trial court (under Code Civ. Proc., § 863) for relief from his failure. The court reasonably finding good cause therefore, the requested relief was granted, after which plaintiff Schaeffer did cause summons to be published according to law.

We discern neither lack of jurisdiction or other error, nor prejudice to defendant, in the premises.

Despite defendants' contrary contentions, we discern neither triable issues of *material* facts at the summary judgment proceedings, nor failure of plaintiff Schaeffer's amended complaint to state a cause of action, nor error in overruling defendants' demurrer to it. No error is seen in the rejection of evidence that the 19.73-acre Cambrian Park Plaza was *in fact* an island, as contemplated by Government Code section 35150. And as to each of the many here complained of errors, we observe no substantial prejudice to defendants, or any of them. ■ "The burden is upon the appellant in every case affirmatively to show error and to show further that the error is prejudicial." (*Vaughn* v. *Jonas* (1948) 31 Cal.2d 586, 601 [191 P.2d 432].)

For these several reasons we discern no merit in defendants' appeal.

The summary judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.