760 P.2d 1091

Charles Anthony ROBERTS; Janett Slatford; Charles Farrell; Donald M. Orange; Charles Aaker; Willis Rofer; Joanne Lindsay and Industrial Waste Disposal, Ltd., an Arizona corporation, Plaintiffs/Appellants,

v.

CITY OF MESA, a municipal corporation; Mesa City Council, a body politic; and its members Sumner Al Brooks; Cordon Driggs; Ross Farnsworth; Dave Guthrie; L. Alton Riggs, Jr.; Peggy Rupach; Warren Steffey, Defendants/Appellees.

William J. BOWLER; Roy W. Crawley and June E. Crawley, husband and wife; Edward R. Ellis and Miriam Ellis, husband and wife; Seid Waddell and Ila B. Waddell, husband and wife; Ralph F. Hensel and Ruth A. Hensel, husband and wife; Stanley R. Myers and Violet D. Myers, husband and wife; John Does I–X, Petitioners/Appellants,

v.

CITY OF PHOENIX, a municipal corporation, Robert K. Corbin, Attorney General of the State of Arizona; Council of the City of Phoenix, a public body, Respondents/Appellees.

Nos. 2 CA–CV 88–0082, 2 CA–CV 88–0083.

Court of Appeals of Arizona, Division 2, Department A.

March 24, 1988.

Reconsideration Denied April 20, 1988.

Review Denied Sept. 20, 1988.*

* Cameron, J., of the Supreme Court, did not participate.

Friedeman & O'Leary by John Friedeman, Phoenix, for petitioners/appellants.

Johnson & Shelley by J. LaMar Shelley and Neal Beets, Mesa City Atty., Mesa, for defendants/appellees.

Robert K. Corbin, Atty. Gen. by David J. Rich and Toni McClory, Phoenix, for Robert K. Corbin.

Roderick G. McDougall, Phoenix City Atty. by Larry F. Felix, Phoenix, for City of Phoenix.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's granting of appellees' motions for summary judgment in consolidated cases challenging annexations by the City of Phoenix (Phoenix) and the City of Mesa (Mesa).

Appellants raise a single issue in the Mesa case: Whether A.R.S. § 9-471 (1984 version) violates due process because it delegates a significant portion of the legislature's powers in the annexation context to private individuals who are free to exercise the delegated powers without reference to any standard or rule. The same issue is raised in the Phoenix case as well as the following: (1) Whether the configuration of the territory annexed in Ahwatukee was arbitrary or unreasonable and, therefore, in violation of due process, and (2) whether the annexation in Ahwatukee violated A.R.S. § 9-471(G) or (H), notwithstanding the provisions of A.R.S. § 9-471(J). We affirm.

When the annexations in question took place, the statute required that the owners of not less than one-half the value of the real and personal property located in the proposed annexation area sign the annexation petition. Appellants argue that the legislature has impermissibly delegated its authority because property owners have the freedom to choose whether or not to sign an annexation petition. We disagree.

"The decision to annex an area is a political-legislative decision." *California Portland Cement Co. v. Picture Rocks Fire District*, 143 Ariz. 170, 177, 692 P.2d 1019, 1026 (App.1984). The petitioners are "mere supplicants." *City of Tucson v. Garrett*, 77 Ariz. 73, 76, 267 P.2d 717, 719 (1954).

> The legislature may give to municipalities the power to annex territory upon any condition it chooses to impose, either with or without the wishes of the inhabitants of the territory involved, either with or without notice to anyone, with or without the right of objecting inhabitants to protest.

*Id.* at 76, 267 P.2d at 719.

■ The municipality has complete discretion in deciding whether to grant or reject an annexation petition. *Swift v. City of Phoenix*, 90 Ariz. 331, 367 P.2d 791 (1961). The Arizona Supreme Court has recently distinguished between the roles played by annexation petition signers and the governing bodies of cities and towns. The court concluded that the legal power to annex territory lies solely with the governing body, stating:

> The Arizona annexation statute provides for the actual annexation to be by the governing body of the annexing city or town. A.R.S. § 9–471(A)(1). The petitioners are mere supplicants and have no power or right to require annexation. *City of Tucson v. Garrett*, 77 Ariz. at 76, 267 P.2d at 719. The decision to annex is entirely discretionary with the city or town's governing body. *Kempton v. City of Safford*, 140 Ariz. 539, 541, 683 P.2d at 338, 340 (App.1984).

*Goodyear Farms v. City of Avondale*, 148 Ariz. 216, 221, 714 P.2d 386, 391 (1986).

■ Appellants argue that any individual may choose not to sign an annexation petition and so choosing is akin to a legislative act. They reason that a legislative act encompasses both the enactment of legislation and the refusal to enact legislation. We disagree. In *Saggio v. Connelly*, 147 Ariz. 240, 241, 709 P.2d 874, 875 (1985), the supreme court stated the following rule:

> Legislation, whether by the people or the legislature, is a definite, specific act or resolution. *McBride v. Kerby*, 32 Ariz. 515, 260 P. 435 (1927). Legislative power has been defined as the power to pass rules of law for the government and regulation of people or property, *Schneberger v. State Board of Social Welfare*, 228 Iowa 399, 404, 291 N.W. 859, 861 (1940), citing *Reif v. Barrett*, 355 Ill. 104, 132, 188 N.E. 889, 900 (1933), or as the power to enact laws or to declare what the law shall be. *Gas & Electric Securities Co. v. Manhattan & Queens Traction Corporation*, 266 Fed. 625, 635 (2nd Cir.1920), appeal dismissed sub nom *Begg v. City of New York*, 262 U.S. 196, 43 S.Ct. 513, 67 L.Ed. 946 (1923). Legislation is the act of giving or enacting laws or the making of laws by express decree. Black's Law Dictionary 1045 (4th ed. 1968). As pointed out in *McBride v. Kerby*, supra, "legislatures do not enact general principles." *Id.* 32 Ariz. at 522, 260 P. at 437. To be considered legislation the measure must enact something.

Clearly, when an individual chooses, for whatever reason, not to sign an annexation petition, that person is not engaged in a legislative act.

Signers of an annexation petition are "mere supplicants" and non-signers have simply exercised the right granted them by the legislature to choose not to join in the supplication. A.R.S. § 9–471 is not an impermissible delegation of legislative power and therefore does not violate due process. To hold otherwise would require that we find A.R.S. § 48–903 (petition to form a county improvement district), A.R.S. § 48–2941 (petition to include lands in an irrigation and water conservation district), and A.R.S. § 48–3422 (petition to form an

irrigation water delivery district) in violation of due process requirements because of impermissible delegations of legislative power. All three statutes provide for a petition process similar to that contained in A.R.S. § 9–471.

The next two arguments concern only the Phoenix case. Appellants argue that the boundaries of the annexed area are of "unusual configuration" making the annexation unreasonable and arbitrary thereby violating due process. As we have previously stated in *City of Safford v. Town of Thatcher*, 17 Ariz.App. 25, 28, 495 P.2d 150, 153 (1972):

> ... the Arizona Supreme Court has clearly charted the course and we must follow. The size and shape of a parcel to be annexed is immaterial and is conclusively a legislative problem and the courts will not read into the annexation statutes limitations relating to unusual or irregular shapes or patterns of territories annexed.

Even if this reasoning is no longer valid because of a change in the annexation statute, we believe the result is the same because of the exemption in the statute discussed below.

The final argument raised is that A.R.S. § 9–471(J), which provides an exemption from certain restrictions of the annexation statute, does not apply to the Ahwatukee annexation. The statute states, in part: "The provisions of subsections G and H shall not apply to territory which is surrounded by the same city or town ..."

Entirely surrounded by the City of Phoenix is an irregularly shaped unincorporated tract of land known as Ahwatukee. The city proposed annexation of the entire parcel, but the value of the property owned by the signers of the petition accounted for less than one-half the entire parcel. The city then reduced the territory described in the petition and annexed only a portion of the unincorporated area. Appellants focus their argument on subsection H which deals with "islands" of unincorporated land surrounded by a city, and subsection G which sets out dimensions and distance requirements. The statute states, in subsection H: "A city or town shall not annex territory if as a result of such annexation unincorporated territory is completely surrounded by the annexing city or town," and in subsection G:

> Territory is not contiguous for the purposes of subsection A, paragraph 1, unless:
>
> 1. It adjoins the exterior boundary of the annexing city or town for at least three hundred feet.
>
> 2. It is, at all points, at least two hundred feet in width, exclusive of highways.
>
> 3. The distance from the existing boundary of the annexing city or town where it adjoins the annexed territory to the furthest point of the annexed territory from such boundary is no more than twice the width of the annexed territory.

Appellants argue that the exemption contained in subsection J does not apply because the territory actually annexed is not completely surrounded by the city. In support of their position, they cite *Schaeffer v. County of Santa Clara*, 155 Cal.App.3d 901, 904, 202 Cal.Rptr. 515, 516 (1984). There the court voided an annexation because it violated California's statutory scheme. The statute provided that no annexation election need be held if certain conditions were met. It stated the local agency could "order annexation of the territory ... if ... the territory contained in the annexation proposal: .... (2)(A) Is surrounded ... by the city to which annexation is proposed...." The statute also required that the territory proposed to be annexed constitute the entire island. The court voided the annexation because the territory proposed to be annexed was not surrounded by the city and because it did not constitute the entire island. We find no comparable wording in our statute.

In interpreting a statute, we must ascertain and give effect to the intent of the legislature. *Mardian Construction Company v. Superior Court*, 113 Ariz. 489, 557 P.2d 526 (1976). We interpret a statute to give it a fair and sensible meaning. *City of Phoenix v. Superior Court in and for the County of Maricopa*, 139 Ariz. 175, 677

P.2d 1283 (1984), according the words and phrases their ordinary meaning unless it appears from the context that a different meaning is intended. *State v. Wise*, 137 Ariz. 468, 671 P.2d 909 (1983). We will not read into a statute something which is not within the manifest intent of the legislature. *State ex rel. Smith v. Bohannan*, 101 Ariz. 520, 421 P.2d 877 (1966), appeal dismissed 389 U.S. 1, 88 S.Ct. 55, 19 L.Ed.2d 1 (1967).

 Applying these principles to A.R. S. § 9–471, we believe the intent of the legislature in enacting subsection H was to prevent the creation of "islands" of unincorporated territory fearing that, once created, such islands might forever remain unincorporated. We believe subsection G was enacted to prevent gerrymandered annexation. We further believe the legislature, realizing that unincorporated islands already existed, enacted subsection J so as to remove the limitations of G and H when the island was surrounded by a city or town. To give subsection J the meaning advanced by appellants would mean that any city which surrounded an unincorporated island could never annex anything less than the entire island. If that was the intent of the legislature, we believe it would have expressly so stated, as did the California legislature. We believe subsection J applies to the Ahwatukee annexation and the annexation is exempt from the restrictions of subsections G and H.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.