Martinello v. Metropolitan P&C Ins.   CV-96-92-JD   05/02/97
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christine Martinello

      v.                               Civil No. 96-92-JD

Metropolitan P&C Insurance
Services, Inc., et al.


                           O R D E R


     The Plaintiff, Christine Martinello, brought this action

pursuant to the Employee Retirement Income Security Act ("ERISA")

§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), against the

defendants, Metropolitan P&C Insurance Services, Inc. ("Met P&C")

and Metropolitan Life Insurance Company ("MetLife").  She

contests the denial by defendant MetLife of disability benefits

to which she claims she is entitled as part of a benefit plan

offered by defendant Met P&C, her former employer.  Before the

court is the plaintiff's motion for leave to conduct additional

discovery (document no. 31) pursuant to Fed. R. Civ. P. 56(f).


                         Discussion

     The parties disagree about the appropriate standard of

review to be applied in this case.  At the core of the dispute

lies the plaintiff's allegation that the court should adjust its

use of the arbitrary and capricious standard to take into account

the defendants' conflict of interest in determining the plaintiff's eligibility for benefits. See Firestone Tire & Rubber Co. v. Bruch, 389 U.S. 101, 115 (1989) ("[I]f a benefits plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'factor[] in determining whether there is an abuse of discretion.'") (quoting Restatement (Second) of Trusts § 187, cmt. d (1959)).

The parties joined the argument on this issue in the defendants' motion for summary judgment and the plaintiff's opposition thereto. The defendants then sought leave to file a reply memorandum on the issue, which the court granted. The defendants' reply prompted the plaintiff to file this motion which seeks additional discovery on the issue of the alleged conflict of interest faced by the defendants.

The plaintiff claims that the pending summary judgment motion can be resolved on the current record, but "submits that if this Court wishes to hear further evidence on the apparent and/or actual conflict existing between the plan administrator and the insurance company, Plaintiff requests leave of Court in which to take further discovery on this issue." The defendant claims that the plaintiff has not made a sufficient proffer to invoke Rule 56(f). The defendant further urges that the

2

plaintiff had adequate opportunity to take discovery on this issue within the deadlines originally established.

Fed. R. Civ. P. 56(f) states:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

With respect to a Rule 56(f) motion, the First Circuit has stated specifically:

A litigant who desires to invoke Rule 56(f) must make a sufficient proffer. In all events, the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment. When, as is often the case, the reason relates to incomplete discovery, the party's explanation must take a special form: it should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

In the "delayed discovery" type of case, then, the criterion for Rule 56(f) relief can be thought of as embodying five requirements: authoritativeness, timeliness, good cause, utility, and materiality. We have acknowledged that these requirements are not inflexible and that district courts are vested with considerable discretion in their administration. In the exercise of discretion, one or more of the requirements may be relaxed, or even excused, to ``address the exigencies of a given case. When all five

3

> requirements are satisfied, however, a strong presumption arises in favor of relief. Unless the movant has been dilatory, or the court reasonably concludes that the motion is a stalling tactic or an exercise in futility, it should be treated liberally.

Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1203 (1st Cir. 1994) (citations omitted).

The plaintiff's proffer is marginally authoritative. The plaintiff's Rule 56(f) motion is made without accompanying affidavits. However, it concerns issues addressed by the filings related to the pending summary judgment motion, and those filings were accompanied by affidavits that make clear the existence of a possible conflict of interest between the defendants.

The request for additional discovery is timely. It followed within a reasonable time of the summary judgment motion, and it closely followed the defendants' reply memorandum.

The request for additional discovery lacks good cause. The plaintiff, represented by counsel, has not brought forward any justification for her failure to discover these materials within the initial deadline established by the court. The plaintiff appears to suggest that her failure to discover this information is excused for one or more of the following reasons: (1) she was not aware that she would have the burden of producing affirmative evidence of the conflict; (2) she does not, in fact, bear such a burden; or (3) the conflict was so readily apparent that she did

4

not need to introduce any evidence to demonstrate its existence. The court rejects these contentions.

The request for additional discovery has high utility. Information concerning the correct standard of review to be applied in this case may assist the plaintiff in resisting summary judgment and certainly will assist the court in resolving the dispute between the parties.

The request for additional discovery is highly material. The facts that the plaintiff seeks to discover are "foreseeably capable of breathing life into [her] claim or defense." Id. at 1207.

The court finds that, although the plaintiff has not met the strict requirements of each of the five factors, she has sufficiently justified her Rule 56(f) request. The plaintiff has timely sought leave to discover information that will assist the court in resolving the pending summary judgment motion and the request is neither a stalling tactic nor an exercise in futility. Therefore, the court determines that the plaintiff is entitled to take additional discovery on the issue of any conflict of interest that may have influenced the defendants' decisionmaking with respect to her claim for benefits.

5

## Conclusion

For the reasons stated above, the plaintiff's motion for leave to conduct additional discovery (document no. 31) is granted. After the conclusion of discovery on the conflict of interest issue, each party may submit a supplemental memorandum of law with appropriate factual support addressing the issue of the alleged conflict of interest and its effect on the court's standard of review. The parties shall agree on a schedule to govern both the continuation of discovery and the filing of supplemental memoranda and shall inform the court by May 9, 1997, of either (1) the schedule to which the parties have agreed, or (2) the fact that the parties were unable to reach an agreement.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 2, 1997

cc: Francis X. Quinn Jr., Esquire
    William D. Pandolph, Esquire

6